ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------x

ISRAEL SCHVIMMER & MIRIAM SCHVIMMER

                                  Plaintiffs,

        -against-

THE OFFICE OF COURT ADMINISTRATION;
NYC POLICE DET. BUCKNER of the 79th
PRECINCT; NYS OFFICE of CHILDREN
and FAMILY  SERVICES; DAVID A. HANSELL
(reg. #1950179) INDIVIDUALLY and as NYC
Commissioner of the Administration for Children's
Services; NYC OFFICE of the CORPORATION
COUNSEL;REBECCA ELIZABETH SZEWCZUK
(reg. #4686903) INDIVIDUALLY and as Attorney
for NYC ACS-KINGS County (Family Court) and
 as Attorney for CORPORATION COUNSEL
OF THE CITY OF NEW YORK; IAN
SANGENITO (reg. #3035235) INDIVIDUALLY
and as Attorney for NYC ACS (Brooklyn Office)
Kings County Family Court office;
JOHN ANTHONY MORGANO (Reg. #4558565)
INDIVIDUALLY and as Attorney for NYC ACS,
and as Attorney for CORPORATION COUNSEL
OF THE CITY OF NEW YORK;
KATHY ANN BEST INDIVIDUALLY and as
Caseworker for NYC-ACS; CARMALITA CYRUS
INDIVIDUALLY and as Supervisor #1 for NYC- ACS;
KAREN MCNEELY, INDIVIDUALLY and as
Caseworker for NYC-ACS; AIRAT BAKARA
ADEJOBI INDIVIDUALLY and as Supervisor for
NYC-ACS; CECILY FRANCIS INDIVIDUALLY and as
NYC-ACS Supervisor; JEANETTE VEGA-ALVAREZ,
(LIC.#041405) INDIVIDUALLY and as NYC-ACS
Supervisor FSU; BEVERLY DRAYTON
INDIVIDUALLY and as Caseworker for NYC-ACS;
PETER HILL LCSW (Lic. #028238)
INDIVIDUALLY and as Caseworker for NYC- ACS;
JONATHEN CACERAS INDIVIDUALLY and
as Caseworker for NYC-ACS; SYNDIA SEMEXANT
INDIVIDUALLY and as Caseworker for NYC-ACS;
WANDA FRASER INDIVIDUALLY and as
Caseworker for NYC-ACS;
CHRISTINE AKA /LOTTIE HENDERSON
INDIVIDUALLY and as Caseworker for NYC-ACS;
LOREK GRAZNA INDIVIDUALLY and as
Caseworker for NYC-ACS; CHIGEWE

CIVIL ACTION

FILE NO. CV  18 - 7419
AMMENDED
CIVIL RIGHTS COMPLAINT

JURY DEMAND



RECEIVED
JAN 04 2019
PRO SE OFFICE

1

CHISARAMOKWU INDIVIDUALLY and as
Caseworker for NYC-ACS; SHARON ST HILL
INDIVIDUALLY and as Caseworker for NYC-ACS;
NICHOLAS P. SMITH LCSW (Lic. #    )
INDIVIDUALLY and as Caseworker for NYC- ACS
EMMANUELLE FLAX , INDIVIDUALLY
and as a Caseworker for NYC-ACS;
HARVEY S. JACOBS (reg. #1253863), Private
Attorney; SALLY SIMONE MARKOWITZ
(Reg. #3986031) INDIVIDUALLY Private Attorney
Count Appointed; RABBI AZRIEL JUDA KATZ;
LIAISON FOR NYC ACS;
BILLA TESSLER BENDET LCSW (Lic. #045031)
INDIVIDUALLY and as Court Appointed Therapist.

                                         Defendants
-------------------------------------------------------------------x

## Plaintiffs

1.  **Plaintiff, Israel Schvimmer**  Mailing address at 96 Skillman Street, Unit #11, Brooklyn, New York 11205.  That the plaintiff is a Citizen of the United States and he is a resident of the City of New York, County of Kings, State of New York.

2.  **Plaintiff, Miriam Schvimmer** Mailing address at 96 Skillman Street, Unit #11, Brooklyn, New York 11205. That the plaintiff is a Citizen of the United States and she is a resident of the City of New York, County of Kings, State of New York.

3.  Plaintiff's are Jewish Orthodox Religious Citizens complaining of the defendants for acting in concert to violate plaintiffs civil rights, due process  and denial of our inalienable right to life, liberty, and justice respectfully will shows to this Court and alleges:

## JURISDICTION AND VENUE

1.   This action arises under the First, Fourth, Fifth, Ninth , and Fourteenth Amendments to the United States Constitution and under the Civil Rights Act, 18 USC §241, 18 USC §242, 18 USC §245, 42 USC §1983,1985,1986 and 1988 for violations of the Plaintiff's civil rights protections guaranteed by the United States Constitution. This cause also arises under Title 18 USC §§ 1962 and 1964, Civil RICO. This case involves vital questions of civil rights protections important to many Americans of similar circumstances throughout this nation, thus abstention should not be considered. Exception to the abstention doctrine justly lies in this cause as the plaintiff's challenges State action, conduct as State officials, and others where such action and conduct "under color of law "impinges on fundamental civil liberties and Constitutional protection rights. Plaintiffs urge the Court to take particular concern since the State system has been unwilling to protect those rights itself. Plaintiff's avers that the State of New York has breached its obligation and duty to protect the civil liberties of United States Citizens; both the State of New York's Constitution, and the United States Constitution. By such breaches of its duties the State of New York has waived its Eleventh Amendment immunity. Plaintiffs aver that this complaint would be improperly placed in the State court as the State of New York refused to uphold the Constitution.

2

Plaintiff's complaint involves numerous other violations of Federal Law. Even a claim that Plaintiff's complain might be resolved under the Due Process Clause of the State of New York's Constitution would not be grounds for abstention. The Court should find reason to assume jurisdiction in light of the Intimidation Tactics used by the State of New York Judiciary, threats by judicial appointees, all with the design to obstruct plaintiffs from bringing forth the exercise of our Constitutional civil and human rights protections.

2.    The jurisdiction of this Court is invoked pursuant to 42 U.S.C. §1983, 42 U.S.C. §1985 et seq., 28 U.S.C. §1343, 28 U.S.C. §1331 and 28 U.S.C. §1367, and under the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the Constitution of the United States, Article III, Section 2 of the Constitution of the United States, and under Article IV, Section 2, Clause 1 of the Parents Unalienable Rights to the Constitution of the United States.

3.    Jurisdiction is also invoked pursuant to 18 U.S.C. §§1961-68 (Racketeering ["RICO"]), 18 U.S.C. §1951 ("Hobbs Act") (Extortion by force, violence and fear), 18 U.S.C. §§ 1341 (mail fraud and other frauds and swindles) and 1343 (wire and other electronic fraud). Because Defendant Harvey Jacobs had conspired with the Family court Judge and NYC ACS attorney to ensure that plaintiff Parents child F.S. will not be returned home.

4.    Similarly, recently as January 2018, the Fifth Circuit affirmed a district court's return of a child because there was no "objective evidence" of "physical abuse" of the child, which the district court noted was "the more pertinent issue for likelihood of grave risk of harm to [the child]." *Soto v. Contreras*, 880 F.3d 706, 710 (5th Cir. 2018).

6.    As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b)&(c) because most or all of the defendants reside or may be found in New York and events rising from this claims occurred in New York.

7.    This Court should not hold this litigant's pleadings to the sane high standards of perfection of a lawyer. If faced with a motion to dismiss, the Court should give Plaintiffs an opportunity to offer evidence of further particularize our claim

## DEFENDANTS

8.    Upon information and belief, that at all times hereinafter mentioned, the defendants **THE OFFICE OF COURT ADMINISTRATION (OCA) located at 25 Beaver Street, Room 852, New York, NY 10004, (212- 428-2700),** was and still is a municipal corporation duly organized and existing under and by virtue of the laws of The State of New York. Upon information and belief, that all times hereinafter mentioned, the defendant **THE OFFICE OF COURT ADMINISTRATION,** its agents, servants and employees operated, maintained and controlled the FAMILY COURTS of The City of New York, including all the Judges thereof and still is a municipal corporation duly organized and existing under and by virtue of the laws of The State of New York. The office of Court Administration is sued in cause for its willful participation in the deprivation of civil rights guaranteed protections by the Constitution of the United States wherein it is alleged that "under color of law" proceedings of the State court were/are motivated by a) bad faith, b) harassment, c) and deliberate and selective application and/or omission of State law that flagrantly and patently violated express constitutional prohibitions by their policies

3

and practices. They have policies and practices that violates the rights of parents and families and are fully aware that their policies violate the Constitutional rights of parents and children, but failed and /or refuse to make changes that would better protect the rights of parent and children. Defendant was the direct or proximate cause of Plaintiff's injuries and cause for relief.

*"A due process violation occurs when a state-required breakup of a natural family is founded solely on a "best interest" analysis that is not supported by the requisite proof of parental unfitness.* **Quilloin v. Walcott, 434 U.S. 246, 255. (1978)"**

9. Upon information and belief, that at all times hereinafter mentioned, and on or prior to the 14th day of February, 2017 NYC Administration for Children's services under the direction and control of the defendant **DAVID A. HANSELL (reg.# 1950179)** Commissioner of The Administration For Children Services (hereinafter "ACS"), and **THE OFFICE OF COURT ADMINISTRATION** of New York City and **OFFICE of CHILDREN and FAMILY SERVICES** of the State of New York **and** along with defendant **SALLY SIMONE MARKOWITZ (reg.#3986031)**, has denied the Plaintiffs of their due process to a fair trial. For over 22 months the Plaintiff's **Israel and Miriam Schvimmer** has not seen their minor female child. The Family Court Judge has use their unconstitutional policies, customs, rules and regulation practices to deny us the right to at least supervised visits with our child. There has been no other remedy in the State court system. The Family Court process has dragged on so long along with constant reinstatement of the Order of Protection against us, which has forced us to keep away, or be put in jail. We have been threatened many times and we believe our daughter is in an unsafe environment. The Defendants, NYC- ACS and their agents have not properly investigated the individuals that they have our daughter placed with. So we live on pins and needles in fear for her safety.

10. Upon information and belief **DAVID A. HANSELL** of **NYC ACS AND** defendant **HARVEY S. JACOBS** has personal business connections to the defendants that conflicts with our U.S. Constitutional protections and the Family Court proceedings, aiding and abetting the Government in interfering in our right to have our child(ren) in our custody without government intrusion. Defendant Harvey S. JACOBS's conspiracy because he controls the Jewish Adoptions filed a Custody Petition after NYC ACS had an UNFOUNDED finding. The Mondale Act of 1974 is now The Child Abuse Prevention and Treatment Act (CAPTA), provides federal funding to the State in support of prevention, assessment, investigation, prosecution and treatment activities and provides grants to public agencies and nonprofit organizations, also Title IV of the Social Security Act gives grants to States for aid and services to the needy of which a very small portion goes to the needy families. A very large amount goes for the administration, staff and pension. We believe for these reasons the defendants have acted in a conspiracy to keep the Family Court process going, when there has been no neglect or abuse to our daughter.

11. The defendant **THE OFFICE OF COURT ADMINISTRATION** has policies and practices that treat Pro Se parents very hostile when attempting to file papers in the Brooklyn Family courthouse. Their practice keep Pro Se parents from obtain justice and fair access to the court system. On several occasions in the New York State Supreme and the Family Courts while attempting to file motion papers, the clerks have me wait for long periods of time just to tell me I will not be able to file papers. I have been verbally abuse by court personal to the point that even when we go to court accompanied by our Therapist Dr. Monty Weinstein, they verbally abuse him with their Anti-Semitism hostility. The court personnel have made us fearful to even ask questions about the process.

4

12.  The defendant **NYC POLICE DET. BUCKNER of the 79th PRECINCT, located 263 Tompkins Avenue, Brooklyn, NY 11216, (718) 636-6611,** on or about February 3, 2017 joined in on the conspiracy to hide our child from my husband and I during the time  that a Writ of habeas Corpus was Ordered for the return of our child, but instead  the **NYC-ACS** defendants along with other defendants acted in concert and without our consent, to hide and keep our child away from plaintiffs, refusing to enforce the Writ to have her returned to our care. It is also a fact the defendant **DET. BUCKNER** made false statements when he was questioned by the issuing Judge of the  Writ from the New York State Supreme Court.  When he in fact knew where she was. **DET. BUCKNER** was the direct or proximate cause of the plaintiff's and their children's injuries and cause for relief.

13.    The defendant **NYS OFFICE of CHILDREN and FAMILY SERVICES, located Capital View Office Park, 52 Washington Street,  Rensselaer, NY 12144-2834, (518) 473-7793,**  receives State and Federal government funding to protect children, under USA Title IV (Grants to States for Aid and Services to Needy), but here the defendant is in a conspiracy to wrongfully  hold  our  child  in  a  legal  court  process  entanglement  and/or  child  protective investigation as to receive more state and federal government funding, where no real danger exist for our child. It's an unaccountable money machine that parents and at some point get caught in. The Plaintiffs have spent all their finances fighting this out of control Family Court system. The defendant receives  a portion of the federal funding to keep  non cases like this going. The defendant NYS Office of Children and Family Services was the direct or proximate cause of the plaintiff's and their children's injuries and cause for relief.

14. Defendant **DAVID A. HANSELL (reg. #1950179) INDIVIDUALLY and as NYC Commissioner of the Administration for Children's Services, located 150 Williams Street, 4th floor, New York, NY 10038, (212) 341-0900,** is fully aware that his agency files false statements in court, separates families and conspires to deprive parent and children of their rights of Due Process, and is fully aware that his agency routinely files false and untrue petition in the family court.  They do this for the federal and state money,  and are responsible for the lost of many children under their care. Children have died under their care. **DAVID A. HANSELL** is a "person" and an "enterprise" within the meaning of 18 U.S.C. § 1961 (3) (4) & (5), and was the direct or proximate cause of the plaintiff's and their children's injuries and cause for relief.

15.  Defendant **REBECCA ELIZABETH SZEWCZUK (reg. #4686903) INDIVIDUALLY** and as Attorney for **NYC-ACS-KINGS** (Family Court), who's main office is **located 150 Williams Street, 4th floor, New York, NY 10038, (212) 341-0900** and acting as a Special Assistant for **New York Corporation Counsel** 330 Jay Street, 12th Floor Brooklyn, New York 11201, has acted in concert with other defendants to deprive plaintiffs right to our child, by the filing of a false child abuse petition in the Brooklyn family court using old outdated/ untrue information.  **REBECCA  ELIZABETH  SZEWCZUK**   failed  to  adequately  apprise  the FAMILY  COURT  of  exculpatory  information.  This  has  caused  our  children  to  suffer psychologically and separate our family, costing all our finances for legal fees and now we near broke. Furthermore **REBECCA ELIZABETH SZEWCZUK,** as attorney for **NYC-ACS** was at all times material to this complaint. This suit against her is brought under the "expressly authorized" exception of 42 U.S.C. §1983 to 28 U.S.C. §2283 anti-injunction provision for equitable relief. **REBECCA ELIZABETH SZEWCZUK** is sued  individually and in her official capacity wherein it is alleged that "under color of law", by and through a member, principal, partner or agent for said agency, participated in or directed the alleged violations of the plaintiff's and  their children's rights  and further,  that  the specific influence or acts of its

5

officer(s), principal(s), partner(s), or member(s) was the direct or proximate cause of the plaintiff's and their children's injuries and cause for relief. Defendant **REBECCA ELIZABETH SZEWCZUK** is a "person" and an "enterprise" within the meaning of 18 U.S.C. § 1961 (3) (4) & (5) and was the direct or proximate cause of the plaintiff's and their children's injuries and cause for relief.

16.     Defendant **IAN SANGENITO (reg. #3035235) INDIVIDUALLY and as Attorney for NYC-ACS (Brooklyn Office), who's main office is located 150 Williams Street, 4th floor, New York, NY 10038, (212) 341-0900** has acted in concert with other defendants to deprive plaintiff's of their right to their child and by the aiding in a filing a child abuse petition in the Brooklyn family court using old outdated/untrue information. **IAN SANGENITO** failed to adequately apprise  the FAMILY COURT of exculpatory information. This has caused our children to suffer psychologically and separated our family, costing all our finances in legal fees and now we near broke. Furthermore **IAN SANGENITO** as attorney for NYC-ACS was at all times material to this complaint. This  suit  against him is  brought under the "expressly authorized" exception of 42 U.S.C. §1983 to 28 U.S.C. §2283 anti-injunction provision for equitable relief. **IAN SANGENITO** is sued individually and in his official capacity wherein it is alleged that "under color of law", by and through a member, principal, partner or agent for said agency,  participated in or directed the alleged violations of the plaintiff's and their children's rights and further, that the specific influence or acts of its officer(s), principal(s), partner(s), or member(s) was the direct or proximate cause of the plaintiff's and their children's injuries and cause for relief. Defendant **IAN SANGENITO** is a "person" and an "enterprise" within the meaning of 18 U.S.C. §  1961  (3) (4) & (5) and was the direct or proximate cause of the plaintiff's and their children's injuries and cause for relief.

17. Defendant **JOHN ANTHONY MORGANO (reg. #4558565) INDIVIDUALLY and as Attorney for NYC-ACS, who's main office is located 150 Williams Street, 4th floor, New York, NY 10038, (212) 341-0900, and acting as a Special Assistant for NEW YORK CORPORATION COUNSEL has** acted in concert with other defendants to deprive plaintiff's of their right to their child, by the filing a child abuse petition in the Brooklyn family court using old outdated and false information. **JOHN ANTHONY  MORGANO** failed to adequately apprise the FAMILY COURT of exculpatory information. This has caused our children to suffer psychologically and separate our family, costing all our finances for legal fees and now we near broke. Furthermore **JOHN ANTHONY MORGANO** as attorney  for **NYC-ACS** was at all times material to this complaint. This suit  against  him is  brought under the "expressly authorized" exception of 42 U.S.C. §1983 to 28 U.S.C. §2283 anti-injunction provision for equitable relief. **JOHN ANTHONY MORGANO** is sued individually and in his official capacity wherein it is alleged that "under color of law", by and through a member, principal, partner or  agent for  said agency, participated  in  or directed the alleged violations of the plaintiff's and  their children's  rights and further, that  the  specific influence or acts of its officer(s), principal(s), partner(s), or  member(s) was  the direct or proximate cause of the plaintiff's and their children's injuries and cause for relief. Defendant **JOHN ANTHONY MORGANO** is a "person" and an "enterprise" within the meaning of 18 U.S.C. § 1961 (3) (4) & (5) and was the direct or proximate cause of the plaintiff's and their children's injuries and cause for relief.

18. Defendant **KATHY ANN BEST INDIVIDUALLY** and as Caseworker for **ACS** of the City of New York,  **who's main office is located 150 Williams Street, 4th floor, New York, NY 10038, (212) 341-0900** was at all times material to this complaint. **Kathy Ann Best**  is sued

individually and in her official capacity wherein it is alleged that she subjected and cause the depravation of Plaintiff's and their children's civil rights and privileges secured by the New York State and the United States Constitution. Defendant **Kathy Ann Best** having full knowledge of the wrongs conspired to be done as alluded to in 42 U.S.C. § 1983 & §1985, or knowing of the wrongs about to be committed, and having the power to prevent or aid in preventing the same, has neglected or refused to do that which by a reasonable and diligent person would have prevented. The defendant was the direct and/or proximate cause of the Plaintiff's and their child's injuries and cause for relief.

19. Defendant **CARMALITA CYRUS INDIVIDUALLY and as Supervisor #1 for ACS** of the City of New York, **who's main office is located 150 Williams Street, 4ᵗʰ floor, New York, NY 10038, (212) 341-0900** was at all times material to this complaint. **CARMALITA CYRUS** is sued individually and in her official capacity wherein it is alleged that she subjected and cause the depravation of Plaintiff's and their children's civil rights and privileges secured by the New York State and the United States Constitution. Defendant **CARMALITA CYRUS** having full knowledge of the wrongs conspired to be done as alluded to in 42 U.S.C. § 1983 & §1985, or knowing of the wrongs about to be committed, and having the power to prevent or aid in preventing the same, has neglected or refused to do that which by a reasonable and diligent person would have prevented. The defendant was the direct and/or proximate cause of the Plaintiff's and their child's injuries and cause for relief.

20. Defendant **KAREN MCNEELY, INDIVIDUALLY and as Caseworker for ACS** of the City of New York, **who's main office is located 150 Williams Street, 4ᵗʰ floor, New York, NY 10038, (212) 341-0900** was at all times material to this complaint. **KAREN MCNEELY** is sued individually and in her official capacity wherein it is alleged that she subjected and cause the depravation of Plaintiff's and their children's civil rights and privileges secured by the New York State and the United States Constitution. Defendant **KAREN MCNEELY** having full knowledge of the wrongs conspired to be done as alluded to in 42 U.S.C. § 1983 & §1985, or knowing of the wrongs about to be committed, and having the power to prevent or aid in preventing the same, has neglected or refused to do that which by a reasonable and diligent person would have prevented. The defendant **KAREN MCNEELY** was the direct and/or proximate cause of the Plaintiff's and their child's injuries and cause for relief.

21. Defendant **AIRAT BAKARA ADEJOBI INDIVIDUALLY and as Supervisor for ACS** of the City of New York **who's main office is located 150 Williams Street, 4ᵗʰ floor, New York, NY 10038, (212) 341-0900** was at all times material to this complaint. **AIRAT BAKARA ADEJOBI** is sued individually and in her official capacity wherein it is alleged that she subjected and cause the depravation of Plaintiff's and their children's civil rights and privileges secured by the New York State and the United States Constitution. Defendant **AIRAT BAKARA ADEJOBI** having full knowledge of the wrongs conspired to be done as alluded to in 42 U.S.C. § 1983 & §1985, or knowing of the wrongs about to be committed, and having the power to prevent or aid in preventing the same, has neglected or refused to do that which by a reasonable and diligent person would have prevented. The defendant **AIRAT BAKARA ADEJOBI** was the direct and/or proximate cause of the Plaintiff's and their child's injuries and cause for relief.

22. Defendant **CECILY FRANCIS INDIVIDUALLY and as ACS Supervisor** of the City of New York **who's main office is located 150 Williams Street, 4th floor, New York, NY 10038, (212) 341-0900** was at all times material to this complaint. CECILY FRANCIS is sued individually and in her official capacity wherein it is alleged that she subjected and cause the depravation of Plaint's and their children's civil rights and privileges secured by the New York State and the United States Constitution. Defendant **CECILY FRANCIS** having full knowledge of the wrongs conspired to be done as alluded to in 42 U.S.C. § 1983& §1985, or knowing of the wrongs about to be committed, and having the power to prevent or aid in preventing the same, has neglected or refused to do that which by a reasonable and diligent person would have prevented. The defendant **CECILY FRANCIS** was the direct and/or proximate cause of the Plaintiff's and their child's injuries and cause for relief.

23.    Defendant **JEANETTE VEGA-ALVAREZ (reg. # 041405) INDIVIDUALLY and as ACS Supervisor FSU** of the City of New York, **who's main office is located 150 Williams Street, 4th floor, New York, NY 10038, (212) 341-0900** was at all times material to this complaint. JEANETTE VEGA-ALVAREZ is sued individually and in her official capacity wherein it is alleged that she subjected and cause the depravation of Plaintiff's and their children's civil rights and privileges secured by the New York State and the United States Constitution. Defendant **JEANETTE VEGA-ALVAREZ** having full knowledge of the wrongs conspired to be done as alluded to in 42 U.S.C. § 1983& §1985, or knowing of the wrongs about to be committed, and having the power to prevent or aid in preventing the same, has neglected or refused to do that which by a reasonable and diligent person would have prevented. The defendant **JEANETTE VEGA-ALVAREZ** was the direct and/or proximate cause of the Plaintiff's and their child's injuries and cause for relief.

24. Defendant **BEVERLY DRAYTON INDIVIDUALLY and as Caseworker for ACS** of the City of New York **who's main office is located 150 Williams Street, 4th floor, New York, NY 10038, (212) 341-0900** was at all times material to this complaint. BEVERLY DRAYTON is sued individually and in her official capacity wherein it is alleged that she subjected and cause the depravation of Plaintiff's and their children's civil rights and privileges secured by the New York State and the United States Constitution. Defendant **BEVERLY DRAYTON** having full knowledge of the wrongs conspired to be done as alluded to in 42 U.S.C. § 1983& §1985, or knowing of the wrongs about to be committed, and having the power to prevent or aid in preventing the same, has neglected or refused to do that which by a reasonable and diligent person would have prevented. The defendant **BEVERLY DRAYTON** was the direct and/or proximate cause of the Plaintiff's and their child's injuries and cause for relief.

25. Defendant **PETER HILL LCSW (reg. # 028238) INDIVIDUALLY and as Caseworker for ACS** of the City of New York, **who's main office is located 150 Williams Street, 4th floor, New York, NY 10038, (212) 341-0900** was at all times material to this complaint. PETER HILL is sued individually and in his official capacity wherein it is alleged that he subjected and cause the depravation of Plaintiff's and their children's civil rights and privileges secured by the New York State and the United States Constitution. Defendant **PETER HILL** having full knowledge of the wrongs conspired to be done as alluded to in 42 U.S.C. § 1983& §1985, or knowing of the wrongs about to be committed, and having the power to prevent or aid in preventing the same, has neglected or refused to do that which by a reasonable and diligent person would have prevented. The defendant **PETER HILL** was the direct and/or proximate cause of the Plaintiff's and their child's injuries and cause for relief.

8

26.    Defendant **JONATHEN CACERAS INDIVIDUALLY and as Caseworker for ACS** of the City of New York **who's main office is located 150 Williams Street, 4th floor, New York, NY 10038, (212)    341-0900**    was at all times material to this complaint. **JONATHEN CACERAS** is sued individually and in  his  official capacity wherein  it  is  alleged that he subjected and cause the depravation of Plaintiff's and their children's civil rights and privileges secured by the New York State and the United States Constitution. Defendant **JONATHEN CACERAS** having full knowledge of the wrongs conspired to be done as alluded to in 42 U.S.C. § 1983& § 1985,  or knowing of the wrongs about to be committed, and having the power to prevent or aid in preventing the same, has neglected or refused to do that which by a reasonable and diligent person would have prevented.  The defendant **JONATHEN CACERAS** was the direct and/or proximate cause of the Plaintiff's and their child's injuries and cause for relief.

27. Defendant **SYNDIA SEMEXANT INDIVIDUALLY and as Caseworker for ACS** of the City of New York **who's main office is located 150 Williams Street, 4th floor, New York, NY 10038, (212)  341-0900**  was at all times material to this complaint. **SYNDIA SEMEXANT** is sued individually and  in  her official capacity wherein it is alleged that she subjected and cause the depravation of Plaintiff's and their children's civil rights and privileges secured by the New York State and the United States Constitution. Defendant **SYNDIA SEMEXANT** having full knowledge of the wrongs conspired to be done as alluded to in 42 U.S.C. § 1983& §1985, or knowing of  the wrongs about to be committed, and having the power to prevent or aid in preventing the same,  has  neglected  or refused to do that which by a reasonable and diligent person would have prevented. The defendant **SYNDIA SEMEXANT** was the direct and/or proximate cause of the Plaintiff's and their child's injuries and cause for relief.

28. Defendant **WANDA FRASER INDIVIDUALLY and as Caseworker for ACS** of the City of New York **who's  main office is  located 150 Williams Street, 4th floor, New York, NY 10038, (212) 341-0900** was at all times material to this complaint. **WANDA FRASER** is sued individually and in her official capacity wherein it is alleged the she subjected and cause the depravation of Plaintiff's and their children's civil rights and privileges secured by the New York State and the United States Constitution.  Defendant **WANDA FRASER** having full knowledge of the wrongs conspired to be done as alluded to in 42 U.S.C. § 1983& §1985, or knowing of the wrongs about to be committed,  and having the power to prevent or  aid in preventing the same, has  neglected  or  refused  to  do  that  which  by  a  reasonable and  diligent  person  would  have prevented. The defendant **WANDA FRASER** was the direct and/or proximate cause of the Plaintiff's and their child's injuries and cause for relief.

29. Defendant **CHRISTINE /AKA LOTTIE HENDERSON INDIVIDUALLY and as Caseworker for ACS** of the City of New York  **who's main office is located 150 Williams Street, 4th floor,  New York, NY 10038, (212) 341-0900** was at all times material to this complaint. **CHRISTINE /LOTTIE HENDERSON** is sued individually and in her official capacity wherein it is alleged that she subjected and cause the depravation of Plaintiff's and their children's civil rights and privileges secured by the New York State and the United States Constitution. Defendant **CHRISTINE/ LOTTIE HENDERSON** having full knowledge of the wrongs conspired to be done as alluded to in 42 U.S.C. § 1983 &  §1985,  or knowing of the wrongs about  to be committed,  and having the power to prevent or aid in preventing the same, has  neglected or refused to do that which by a reasonable and diligent person would have prevented. The defendant **CHRISTINE/ LOTTIE HENDERSON** was the direct and/or proximate cause of the Plaintiff's and their child's injuries and cause for relief.

9

30. Defendant **LOREK GRAZNA INDIVIDUALLY and as Caseworker for ACS** of the City of New York **who's main office is located 150 Williams Street, 4th floor, New York, NY 10038, (212) 341-0900** was at all times material to this complaint. **LOREK GRAZNA** is sued individually and in his/her official capacity wherein it is alleged that he/she subjected and cause the depravation of Plaintiff's and their children's civil rights and privileges secured by the New York State and the United States Constitution. Defendant **LOREK GRAZNA** having full knowledge of the wrongs conspired to be done as alluded to in 42 U.S.C. § 1983& §1985, or knowing of the wrongs about to be committed, and having the power to prevent or aid in preventing the same, has neglected or refused to do that which by a reasonable and diligent person would have prevented. The defendant **LOREK GRAZNA** was the direct and/or proximate cause of the Plaintiff's and their child's injuries and cause for relief.

31. Defendant **CHIGEWE CHISARAMOKWU INDIVIDUALLY and as Caseworker for ACS** of the City of New York **who's main office is located 150 Williams Street, 4th floor, New York, NY 10038, (212) 341-0900** was at all times material to this complaint. **CHIGEWE CHISARAMOKWU** is sued individually and in her official capacity wherein it is alleged that she subjected and cause the depravation of Plaintiff's and their children's civil rights and privileges secured by the New York State and the United States Constitution. Defendant **CHIGEWE CHISARAMOKWU** having full knowledge of the wrongs conspired to be done as alluded to in 42 U.S.C. § 1983& §1985, or knowing of the wrongs about to be committed, and having the power to prevent or aid in preventing the same, has neglected or refused to do that which by a reasonable and diligent person would have prevented. The defendant **CHIGEWE CHISARAMOKWU** was the direct and/or proximate cause of the Plaintiff's and their child's injuries and cause for relief.

32. Defendant **SHARON ST HILL INDIVIDUALLY and as Caseworker for ACS** of the City of New York, **who's main office is located 150 Williams Street, 4th floor, New York, NY 10038, (212) 341-0900** was at all times material to this complaint. **SHARON ST HILL** is sued individually and in her official capacity wherein it is alleged that she subjected and cause the depravation of Plaintiff's and their children's civil rights and privileges secured by the New York State and the United States Constitution. Defendant **SHARON ST HILL** having full knowledge of the wrongs conspired to be done as alluded to in 42 U.S.C. § 1983& §1985, or knowing of the wrongs about to be committed, and having the power to prevent or aid in preventing the same, has neglected or refused to do that which by a reasonable and diligent person would have prevented. The defendant **SHARON ST HILL** was the direct and/or proximate cause of the Plaintiff's and their child's injuries and cause for relief.

33. Defendant **EMMANUEL FLAX INDIVIDUALLY and as Caseworker for ACS** of the City of New York, **who's main office is located 150 Williams Street, 4th floor; New York, NY 10038, (212) 341-0900** was at all times material to this complaint. **EMMANUEL FLAX** is sued individually and in her official capacity wherein it is alleged that she subjected and cause the depravation of Plaintiff's and their children's civil rights and privileges secured by the New York State and the United States Constitution. Defendant **EMMANUEL FLAX** having full knowledge of the wrongs conspired to be done as alluded to in 42 U.S.C. § 1983& §1985, or knowing of the wrongs about to be committed, and having the power to prevent or aid in preventing the same, has neglected or refused to do that which by a reasonable and diligent person would have prevented. The defendant **EMMANUEL FLAX** was the direct and/or

proximate cause of the Plaintiff's and their child's injuries and cause for relief.

34. Defendant **HARVEY S. JACOBS (reg. #1253863), located at 26 Court Street, Brooklyn, NY 11242 , Suite 700 (718) 237-9795,** a Private Attorney, is a hired attorney representing the interest of an in - law that took part in the wrongful possession of our child and has acted in concert to deny the plaintiff's custody. Upon information and belief defendant **HARVEY S. JACOBS** has business arrangements with Brooklyn Family Court and NYC-ACS Administration for Children Services that has conflicted with the plaintiff getting a fair opportunity for justice in family court system when his interests is to separate our child from our family for the sake of his client for some deviant agenda. Defendant **HARVEY S. JACOBS** having full knowledge of the wrongs conspired to be done as alluded to in 42 U.S.C. § 1983& §1985, or knowing of the wrongs about to be committed, and having the power to prevent or aid in preventing the same, has neglected or refused to do that which by a reasonable and diligent person would have prevented. The defendant **HARVEY S. JACOBS** was the direct and/or proximate cause of the Plaintiff's and their child's injuries and cause for relief.

35. **SALLY SIMONE MARKOWITZ (reg. #3986031) INDIVIDUALLY located at 26 Court Street, Brooklyn, NY 11242, Suite 901 (718) 648-8200 Private Attorney Court Appointed 18 B Panel, is** sued individually and in her official capacity wherein it is alleged that she subjected and cause the depravation of Plaintiff's and their children's civil rights and privileges secured by the New York State and the United States Constitution and is aiding and abetting in a conspiracy with the other defendant. She is assigned by the court and she is seeking a judgment against the Plaintiffs if she is not paid by us under some deviant agenda or even extorts us financially for the return of our daughter. **SALLY SIMONE MARKOWITZ** failed to adequately apprise the KINGS COUNTY FAMILY COURT of exculpatory information. Defendant **SALLY SIMONE MARKOWITZ** having full knowledge of the wrongs conspired to be done as alluded to in 42 U.S.C. § 1983& §1985, or knowing of the wrongs about to be committed, and having the power to prevent or aid in preventing the same, has neglected or refused to do that which by a reasonable and diligent person would have prevented. The defendant **SALLY SIMONE MARKOWITZ** was the direct and/or proximate cause of the Plaintiff's and their child's injuries and cause for relief.

36. **RABBI AZRIEL JUDA KATZ located at 407 Marcy Avenue #4-A, Brooklyn, NY 11206 (718) 387-1092** is sued individually and as a agent for defendant **NYC-ACS** wherein it is alleged that he wrongfully aided in the separation of our minor child being placed outside our home and because he receives funding from defendant **NYC-ACS** he has subjected and cause the depravation of Plaintiffs and their children's civil rights and privileges secured by the New York State and the United States Constitution with threats and intimidation tactics. Defendant **RABBI AZRIEL JUDA KATZ acting as a liaison for NYC –ACS** having full knowledge of the wrongs conspired to be done as alluded to in 42 U.S.C. § 1983 & § 1985, or knowing of the wrongs about to be committed, and having the power to prevent or aid in preventing the same, has neglected or refused to do that which by a reasonable and diligent person would have prevented. The defendant **RABBI AZRIEL JUDA KATZ** was the direct and/or proximate cause of the Plaintiffs and their child's injuries and cause for relief.

37. **BILLA TESSLER BENDET INDIVIDUALLY and as Court Appointed Therapist located at 1255 East 31th Street, Brooklyn, NY 11210 (718) 692-4372** is a part the panel that is used by defendant **NYC- ACS** and is sued individually and in her official capacity wherein it is

11

alleged that she subjected intimidated and threatened and caused the depravation of Plaintiffs and their children's civil rights and privileges secured by the New York State and the United States Constitution. Defendant **BILLA BENDET** having full knowledge of the wrongs conspired to be done as alluded to in 42 U.S.C. § 1983 & §1985, or knowing of the wrongs about to be committed, and having the power to prevent or aid in preventing the same, has neglected and refused to do that which by a reasonable and diligent person would have prevented. The defendant **BILLA BENDET** was the direct and/or proximate cause of the Plaintiff's and their child's injuries and cause for relief.

38. **NYC OFFICE OF THE CORPORATION COUNSEL, Located at 100 Church Street, New York, NY 10007, (212) 356-1000,** their office consist of 800 lawyers and 690 supports professional that work to protect the City of New York from the victims of their unconstitutional violations against the People. Their office has policies and practices that systemically violate the rights of people. Their website states *"They pursue justice while providing the City with the highest quality legal representation"*. This alleged high quality legal services is at the expense of the People that pay for from our taxes. They use all types of tactics (not necessary legal), to win. Wherein it is alleged that **NYC OFFICE OF THE CORPORATION COUNSEL** subjected and cause the depravation of Plaintiffs and their children's civil rights and privileges secured by the New York State and the United States Constitution. Having full knowledge of the wrongs conspired to be done as alluded to in 42 U.S.C. § 1983& §1985, or knowing of the wrongs about to be committed, and having the power to prevent or aid in preventing the same, has neglected and refused to do that which by a reasonable and diligent person would have prevented. Defendant **NYC OFFICE OF THE CORPORATION COUNSEL** is an "enterprise" within the meaning of 18 U.S.C. § 1961 (3) (4) & (5) and was the direct or proximate cause of the plaintiff's and their children's injuries and cause for relief.

39. This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 and the rights under the Constitution and laws of the State of New York.

40. Each and all of the acts of the defendants alleged herein were done by the defendants, their agents, servants and employees, and each of them, as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and practices of the State of New York, the City of New York and the County of Kings, and under the authority of their office The Office of Children and Family Services, The Office of Court Administration, Det. Buckner as a New York City Police Officer, David A. Hansell as Commissioner of NYC ACS and his employees, **NYC Office of Corporation Counsel** and other individuals of said State, City and County.

*"Constitutional 'rights' would be of little value if they could be indirectly denied"*
Gomillion v. Lightfoot, 364 U.S. 155 (1966), cited also in Smith v. Allwright, 321 U.S. 649.644

12

## PENDANT STATE CLAIMS

41. That Notice of the Plaintiff's Claim and Notice of Intention To Sue for Damages for violation of civil rights, negligence in hiring and retaining, negligence in performance and negligence in training and supervising, the nature of the claim and the date, the place where and the manner in which the claim arose was duly served upon the defendants by Color of Law Violation on or about the 27th day of July, 2018.

42 That since the Violation Notice has been served upon the defendants and the said defendants have neglected, refused or failed to make any changes in their actions thereof.

43. That this action is commenced within the time limit to file and the violations are ongoing.

## PRELIMINARY STATEMENT

44. Plaintiffs are Parents whose right to familial unity has been violated by Defendants who have unconstitutionally interfered in the parent-child relationship. Plaintiffs brought this complaint upon Defendants Parental interference, Intimidation, coercion, Conspiracy, threats in Violation of Due Process and Equal Protection under the color of law. As a result of being denied due process we have been separated from our child and defendants have inadvertently terminated our rights to our child. Defendants failed to adequately apprise the Family Court of exculpatory information and Defendants culture of delay and maliciously denying any contact with their minor child for 22 months. Plaintiffs are being denied 22 months of hugs and smiles and lost time spent as a Family. Almost 2 years of not seeing and hearing of their child and a parent's worst nightmare: **Kidnapping**.

45. Parents are entitled under the fifth & Fourteenth Amendment to familial unity and its rights to raise their children. The lower Court had already adjudicated that there was no abuse or neglect. This case was inspired by malice and sadism and amounted to a brutal and inhumane abuse of official power shocking to the conscience and offending to judicial notions of Fairness. The emotional damage and abuse at the hands of a system designed to keep families safe is unacceptable. That the responsible State and City officials have known about this problem and have done nothing to fix it is inexcusable.

46. There was no danger present in the home. Neither NYC-ACS, nor any other member can make a showing of "surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances. Plaintiffs have a constitutional right for their legal proceeding to be free of fabricated evidence and judicial deception. Because the judicial proceedings were tainted by fabricated evidence and judicial deception, Plaintiffs children were illegally detained. This case is about overzealous, inadequately trained and inadequately supervised employees of an out of control city government agency, and the acts of those employees were directed, authorized or ratified by the agency's policymaking officials.

47. The defendant knew almost immediately that they "lacked subject matter jurisdiction" over Plaintiffs and their children. Yet one Harvey Jacobs colluded with other Defendants to start a new Petition despite the finding of no abuse or neglect and after Plaintiffs

13

sister fabricated the allegations in an attempt to take custody of our minor child. NYC ACS ambushed Plaintiffs with an illegal Article 10 petition in New York State Kings County Family Court, in violation of prior New York State Kings County Supreme Court orders and an Order of a Writ of habeas corpus. Without any reasonable efforts or probable cause, NYC ACS illegally removed our minor children without exigent circumstances in Violation of Due Process violating Plaintiffs Unalienable rights and rights to Life, Liberty and Pursuit of Happiness. The devastating consequences of our family separation to our child is creating Irreparable harm causing us and our children toxic stress, permanent emotional damage and long lasting trauma.

48.    The right of parents to the care, custody and nurture of their children is of such character that it cannot be denied without violating those fundamental principles of liberty and justice which lie at the base of all of our civil and political institutions, and such right is a fundamental right protected by the First, Fifth, Ninth and Fourteenth Amendments. See, _Doe v. Irwin, 441 F.Supp. 1247 (D.C. Mich. 1977)_. As annunciated by legal experts such as NYU law professor Martin Guggenheim, the rights of parents to raise their child as they see fit, unencumbered by Interference by the state or other adults is sacrosanct bedrock of American society.  To have a child removed from her parents, when no abuse or neglect has been found, is a violation of such principles.

49.    The damage being done to our children as a direct result of the defendants and the structural failures by NYC ACS child welfare system is both avoidable and a violation of plaintiff and children's statuary and constitutional rights. The illegal conduct which plaintiff complains has plagued New York City's child welfare system for far too long- a fact well known to Defendants, all of whom have been in a position to change it.

50. Plaintiffs, Parents of two children whose family unity has been destroyed by various government agencies seek a declaratory in juncture from this Court that the structural deficiencies and longstanding actions and inactions described in this complaint violate the statuary and constitutional rights, their wellbeing and their futures. They seek an equitable Injunction against the responsible defendants, City and State officials and agencies named in this lawsuit, directing that NYC ACS immediately cease from surveiling the family and that it immediately returns the minor child F.S. home, so that plaintiff and children are no longer irreparable harmed. Plaintiff and children have a right to Freedom of Association.

## USE OF THE MAILS AND WIRES

51..    During this entire period of this state matter all Defendants used numerous mail, e-mail, and interstate wire communications to create, execute and manage their fraudulent scheme of unlawful restraint of a child, kidnapping of a child, extortion, coercion, ransom, child abuse (emotional, psychological, physical), and other criminal acts, as described above.

52.    Defendants' use of the mails, e-mails, and wires to execute their fraud involved transfers of funds, via retainer agreements, and the use of threatening communications against Plaintiffs, including communications via e-mail, telephone, media, over the internet, written letters sent through the U.S. Mails and/or faxes, including communications concerning the fraudulent scheme to deprive Plaintiffs of their basic civil rights.

14

**CONSPIRACY AND CONCERT OF ACTION**

53.    The Defendants entered into and through various overt acts   described above an agreement between themselves to deprive Plaintiffs Constitutional and Civil Rights for their own personal profit and power.  Defendants implemented said agreement and conspiracy, in concert of action, and each aiding and abetting the other(s), such that Defendants are individually, jointly and severally liable for the resulting damages to Plaintiffs.

That by reason of the aforesaid, the plaintiff has been damaged and demand from all defendants individually, jointly and/or severally, the following relief:

a. $10,000,000.00 in compensatory damages;
b. $10,000,000.00 in punitive damages;
c. Treble damages under R.I.C.O.
d. Reasonable attorney's fees, if any
e. Cost of suit
f. Interest.

Any other and further relief that the Court may deem just and proper

**CAUSES OF ACTION**
**COUNT 1**
**VIOLATION OF FIRST AMMENDMENT RIGHTS**
**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFFS[1]**

54. The plaintiffs repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 53 with the same force and effect as if more fully set forth herein.

55. That on or about February 2, 2017 thru February 14, 2017 of that day, defendant Syndia Semexant caseworker for ACS was the initial investigator that spoke to our family members and in-laws and knew about the Supreme Court Orders and Writ of Habeas Corpus and defendant Syndia Semexant aided in the conspiracy that kept our minor daughter from us. ACS, their agents, servants and employees wrongfully and falsely detained our daughter from us while having the full knowledge that they were violating a Supreme Court order to produce our child, without any right or grounds therefore.

56. That on or about the month of February 2017, the defendants falsified documents and filed a neglect/abuse petition in the Family Court wrongfully accused the plaintiffs .

57.    That the said filing of the Family Court petition was caused by the defendants, their agents, servants and employees, without any reasonable cause or belief that the plaintiffs, was in fact guilty of such offences.

58.    That the defendants, their agents, servants and employees acting within the scope of their

---

[1] **Negligence In Hiring**

15

employment, detained and our daughter from us though the defendants, their agents, servants and employees, had the opportunity to know or should have known, that the matters hereinbefore alleged, that their wrongfully, unlawful actions to keep our daughter against the order of the Supreme Court was intentional, unjust and negligent on their part.

59.     That the plaintiffs are innocent of the said charges of neglect/abuse and did not contribute in any way to the conduct of the defendants, their agents' servants and employees for which they have charged us with.

60.     That as a result of the aforesaid accusations made by the defendants, their agents, servants and employees acting under their employment and within the scope of their authority, made falsely, publicly, wickedly and maliciously, against the plaintiffs and we were was compelled to appear before a Judge of the Family Court of the City of New York, Kings County and have a 1028 hearing, a fact finding and a permanency hearing without having a fair opportunity to present our case with our professional witnesses for the past 22 months, and that the family court case has been dragging along from February 2017 to present without us being allow to visit with our daughter.

61.     All Defendants violated and are continuing to violate the Plaintiffs' Rights of Freedom of Speech by threating, intimidating and unlawfully using court process against Plaintiffs, to "chill" her First Amendment Right by denying them the Right to Access the Courts via petitions and pleadings that are not vexatious or frivolous, and denying them the Right to Petition the Court for Redress of Grievances unless they are given approval by Court authority. This violates the Constitution for the United States, Constitution of the State of New York, and Federal and State laws that allow citizens and residents to access the courts through valid and relevant pleadings and petitions, which is a denial of Substantive and Procedural Due Process and Equal Protection under the Law.

62.     All Defendants violated and are continuing to violate the Plaintiffs' Rights of Freedom of Speech by threating, intimidating and unlawfully using court process against Plaintiffs, to "chill" her First Amendment Rights to protect their Constitutionally protected Parental Rights, by unlawfully using the power of the State court process to interfere with the parent-child relationship without clear and convincing evidence of any compelling state interest.

63.     All Defendants violated and are continuing to violate the Plaintiffs' Rights to Redress Government for Redress by denying them substantive and procedural Due Process and Equal Protection Under the Law, in denying them access to the court through false and fraudulent use of court process and court papers by committing perjury and other false swearing under oath to deprive Plaintiffs of the fundamentally secured rights to Due Process and right to a full and fair hearing.

64.     All Defendants violated and are continuing to violate the Plaintiffs' Rights to Access the Courts of the State of New York, specifically Kings County Family Court, in this instant matter, without cause or justification, without court order(s), or through use of false court order(s), and in violation of the First Amendment of the Constitution of the United States, New York State Constitution, and New York laws.

65.     By denying Plaintiffs' access to the Courts, and willfully denying Plaintiffs a full and fair hearing as required under the New York State Code of Judicial Conduct, Canon 3 et seq.,

Plaintiffs' Constitutional Rights under the First Amendment have been "chilled" and virtually eliminated, while all Defendants are acting under color of State law, in violating the Plaintiffs' First Amendment Rights, and inflicted injury and harm on Plaintiffs.

66. "The presence of malice and the intention to deprive a person of his civil rights is wholly incompatible with the judicial function. When a judge acts intentionally and knowingly to deprive a person of his constitutional rights he exercises no discretion or individual judgment; he acts no longer as a judge, but as a "minister" of his own prejudices." *Pierson v. Ray*, 386 U.S. 547, 553 fn. 7 (1967).

67. State officials may be held personally liable for damages under § 1983 based upon actions taken in their official capacities. Hafer v. Melo, 502 U.S. 21, 25-31 (1992).

68. That by reason of the denial of due process and not having a fair opportunity to present our case, plaintiffs was subjected to great indignities, humiliation and ridicule as Pro Se parents has been greatly injured our lives in credit and in the community and the defendants have prevented and hindered plaintiffs from performing and transacting our necessary affairs and business, and we were caused to suffer much pain in both mind and body, the loss of employment and the loss of employment opportunities.

69. That by reason of the aforesaid, the plaintiff has been damaged and demand from all defendants individually, jointly and/or severally, the following relief:

a. $10,000,000.00 in compensatory damages;
b. $10,000,000.00 in punitive damages;
c. Treble damages under R.I.C.O.
d. Reasonable attorney's fees, if any
e. Cost of suit
f. Interest;

### COUNT II
### 42 U.S.C. §1983
### (VIOLATION OF FIRST, FOURTH, FIFTH, NINTH, AND
### FOURTEENTH AMENDMENT RIGHTS AS TO ALL
### DEFENDANTS)

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF[2]

70. Plaintiffs repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 69 with the same force and effect as if more fully and at length set forth herein.

71. That on or about February of 2017 to the present day defendant NYC-ACS has not made reasonable efforts to reunite our daughter and set up visitation with her. The NYC-ACS defendants and their agents have intentionally done nothing to bring our family back together but yet they advertize that they work with parent(s) to bring and keep families together.

---

[2] **Negligence In Training And Supervising**

17

72. That the defendants, their agents, servants and employees, acting as agents and on behalf of defendants and within the scope of their employment, intentionally, willfully and maliciously have caused harm intentionally to the plaintiffs.

73. All Defendants violated Plaintiffs' Fourth Amendment Rights by improperly and impermissibly violating their Rights to Privacy, and violating their Fourth Amendment Rights by illegally taking and interviewing Plaintiffs' children against their will and over their objections.

74. By violating Plaintiffs' Fourth Amendment Rights and the children's Fourth Amendment Rights, all Defendants, in concert with each other, all caused injury and harm to Plaintiffs.

75. Defendants conspired among themselves and conspired with other individuals to deprive Plaintiffs of their constitutional rights secured by 42 U.S.C. §1983, and the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the Constitution of the United States, and clearly established law and clearly established case law on the subject, conspiring through false and fabricated documents, manipulated and fraudulently obtained court orders, fabricating evidence, making false claims, and making false and perjurious testimony to obtain unfair advantage in the fabricated child neglect and custody matter against the Plaintiffs.

76. All Defendants conspired to violate the Constitutional and Civil Rights of Plaintiffs, giving them the "run around" in order to cover up their abuse and violations of Plaintiffs' Constitutional Rights, including but not limited to violating substantive and procedural Due Process Rights and violating Constitutionally protected parental rights and rights to the care, custody and nurture of his children, and denial of Access to the court.

77. All Defendants conspired to violate the Constitutional and Civil Rights of Plaintiffs, by making false claims, making false and perjurious testimony, filing false documents, fabricating reports, obtaining improper court orders, obstructing process, tampering with the case and the like that violated Schvimmer Plaintiffs' Constitutional and Civil Rights, in an attempt to interfere with her marriage to Plain, interfere with her relationship with his children, and deny Plaintiffs' Access to the court and denying Plaintiff the Right to Hearings and denying a Right to a Fair Trial.

78. That by reason of the aforesaid intentional harm by the defendants, their agents, servants and employees, acting within the scope of their authority, and without probable or reasonable cause, the plaintiffs suffered conscious pain and suffering, and that we were otherwise damaged.

79. That by reason of the aforesaid, the plaintiff has been damaged and demand from all defendants individually, jointly and/or severally, the following relief:

a. $10,000,000.00 in compensatory damages;
b. $10,000,000.00 in punitive damages;
c. Treble damages under R.I.C.O.
d. Reasonable attorney's fees, if any
e. Cost of suit
f. Interest.

18

## COUNT III

### (42 U.S.C. §1983)
### (Violation of Plaintiffs' Right to a Fair Trial In Violation of the Fifth, Ninth and Fourteenth Amendments To The United States Constitution)
### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF[3]

80. Plaintiffs repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 – 79 with the same force and effect as if more fully and at length set forth herein.

81. That the defendants,THE OFFICE OF COURT ADMINISTATION,THE NYS OFFICE OF CHILDREN AND FAMILIES SERVICES, DAVID A. HANSELL COMMISSIONER FOR THE  NYC ADMINISTRATION FOR CHILDREN SERVICES and NYC OFFICE of CORPORATION COUNSEL, was careless and reckless in hiring and retaining as and for its employee, the above named individuals; in that the said defendants lacked the experience,  and ability to be employed by the defendants; in that the defendants failed to exercise due care and caution in its hiring practices, and in particular, in hiring the defendants employees who, lacked the mental capacity and the ability to function as an employees of the aforementioned defendants; in that defendants, THE OFFICE OF COURT ADMINISTATION, THE OFFICE OF CHILDREN AND FAMILIES SERVICES, DAVID A. HANSELL COMMISSIONER FOR THE ADMINISTRATION FOR CHILDREN SERVICES THE CITY OF NEW YORK, SERVICES and NYC OFFICE of CORPORATION COUNSEL, failed to investigate the above named defendant's background and in that they hired and retained as an employee of the Courts and Child Protective Services in that the defendants lacked the maturity, sensibility and intelligence to employ the defendants; in that the defendants knew of the lack of ability, experience,  and maturity of said defendants employee when they hired them to be an employee; and, in that the defendants, their agents, servants and employees were otherwise careless, negligent and reckless.

82.    That the aforesaid occurrence, to wit: the malicious prosecution and their discriminatory policies and practices with intent to deprive parent(s) of their right to the custody and care of their child has resulting injuries to mind and body there from, were caused wholly and solely by reason of the negligence of the defendants, its agents, servants and employees without any negligence on the part of the plaintiffs.

83.    Defendants constitute "persons" within the meaning of 42 U.S.C. §1983.

84.    At all relevant times, all Defendants were acting "under color of State law" and their conduct was/is subject to 42 U.S.C. §1983.

85.    As described in detail above, there is a custom, practice and policy in State of New York Unified Court System and Kings County Family Courts of denying Plaintiffs of their Constitutional Rights, including right to counsel (who either bailed out on Plaintiffs for being ineffective and/or intimidated against and by the Defendants, as against Plaintiffs that is against the law, and denying Plaintiffs a fair tribunal.

---

[3] **Negligence In Performance of Duties**

86.    These practices ran/run contrary to and were/are in violation of controlling United States Supreme Court case law, United States statutory law, New York State statutory law, New York Code of Judicial Conduct, and New York State Rules of Professional Conduct, as described above.

87.    Defendants, routinely, as a matter of custom, policy, and practice, are non-compliant with the Constitution of the United States, First, Fourth, Fifth, Ninth and Fourteenth Amendments, controlling United States Supreme Court case law, United States statutory law, New York State Constitution, New York State statutory law, New York Code of Judicial Conduct, and New York State Rules of Professional Conduct, regarding Plaintiffs' Due Process Rights.

88.    By way of example, the Defendants threatened Plaintiffs with and through unlawful use of threats, harassment and intimidation, violence, use of actual or threatened force, or fear, or under color of official right to unlawfully restrain their minor children, kidnap them, hold them for ransom, interfere with custody, extort property and money from Plaintiffs, and carried through with those threats by filing false and fabricated petitions and pleadings in violation of the laws of the United States and New York, by and through use of perjury, false swearing on official documents, official misconduct by NYC-ACS, its employees/attorneys/ therapists/, harassment, threats, intimidation, invasion of right to privacy, First Amendment violations, Fourth Amendment Illegal Search and Seizure violations, Fifth and Fourteenth Amendment Due Process violations, and Ninth Amendment Due Process and Privacy violations.

89.    All Defendants are covering up the fact that they receive and obtain Federal, State and local funding for removing children from their families and placing them with strangers to fund their respective governmental entities and agencies, and to fund their pensions, salaries, bonuses, bounties, and other remuneration. Receipt of these monies/payments is not in furtherance of their roles and responsibilities of government actors acting in the "best interest of the children", but is a fraud, kidnapping, ransom, and extortion scheme. Receipt of these monies/payments is criminal and completely outside of the law.

90. Because of this conspiracy, Plaintiffs were and are being deprived of their right to an impartial tribunal as guaranteed by the Fifth, Ninth and Fourteenth Amendments to the United States Constitution. "It is axiomatic that 'a fair trial in a fair tribunal is a basic requirement of due process.'" *Caperton v. A.T. Massey Coal Co.*, 129 S.Ct. 2252, 2259, 556 U.S. 868 (2009) (citing *In re Murchison*, 329 U.S. 133, 136 (1955)).

91.    As a result of these Constitutional violations, Plaintiffs suffered injuries and damages, including but not limited to emotional trauma and costs, fines, fees, and other expenses arising out of their unconstitutional adjudications, harassment, terroristic threats by Defendants and Defendant government official Conits, and deprivation of their Constitutionally protected property and liberty rights.

92.    As a result of the willful, wrongful actions of all Defendants, Plaintiffs have sustained substantial financial loss, as well as loss of reputation, loss of freedoms, loss of privacy, and intentional/negligent infliction of emotional distress, and continue to suffer severe mental anguish, stress, humiliation, pain, and financial loss, including but not limited to costs, fines, fees, and other expenses arising out of Defendants' unconstitutional acts and adjudications.

93.    That by reason of the aforesaid, the plaintiffs was injured in mind and body, still suffers

and upon information and belief, will continue to suffer great physical and mental pain, and will, upon information and belief, be so injured in the future, and has expended and incurred large sums of money in an effort to defend  plaintiffs foisted upon them by the actions of the defendants, their agents, servants and employees, including counsel fees and disbursements, and; upon information and belief, will expend further sums in that direction, and the plaintiffs has been otherwise damaged.

94. That by reason of the aforesaid, the plaintiff has been damaged and demand from all defendants individually, jointly and/or severally, the following relief:

a. $10,000,000.00 in compensatory damages;
b. $10,000,000.00 in punitive damages;
c. Treble damages under R.I.C.O.
d. Reasonable attorney's fees, if any
e. Cost of suit
f. Interest.

## COUNT IV

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF[4]

95.   Plaintiffs repeats, reiterates and realleges each and every allegation contained in paragraphs marked FIRST through NINETY FOUR with the same force and effect as if more fully and at length set forth herein.

96.   That the defendants, their agents, servants and employees negligently, carelessly and recklessly failed to properly train and supervise their employees, in particular, the named defendants, THE OFFICE OF COURT ADMINISTATION, THE OFFICE OF CHILDREN AND FAMILIES SERVICES, DAVID A. HANSELL COMMISSIONER FOR THE ADMINISTRATION FOR CHILDREN SERVICES and NYC Office of CORPORATION COUNSEL, in that they failed to train their employees in the proper use of  control and to otherwise act as reasonable, prudent defendant; failed to give them proper instruction as to their, behavior and conduct as representatives of their employer; and, in that the defendants, their agents, servants and employees were otherwise reckless, careless and negligent.

97. That the aforesaid occurrence, to wit: the malicious prosecution, were caused wholly and solely by reason of the negligence of the defendants, its agents, servants and employees without any negligence on the part of the plaintiffs.

98. That by reason of the aforesaid, the plaintiffs was injured in mind, and still suffers and upon information and belief, 'will continue to suffer, and incurred emotional pain of spending and borrowing large sums of money in an effort to regain custody, to extricate the plaintiffs from the indignities and humiliation foisted upon them by the actions of the defendants, their agents, servants and employees, including counsel fees and disbursements; and, upon information and belief, will expend further sums in that direction, and the plaintiffs has been otherwise damaged.

---

[4] Malicious Prosecution

99.   That by reason of the aforesaid, the plaintiff has been damaged and demand from all defendants individually, jointly and/or severally, the following relief:

a. $10,000,000.00 in compensatory damages;
b. $10,000,000.00 in punitive damages;
c. Treble damages under R.I.C.O.
d. Reasonable attorney's fees, if any
e. Cost of suit
f. Interest.

## COUNT V

## AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF[5]

100. Plaintiffs repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1-99 with the same force and effect as if more fully set forth herein.

101.   That the defendants, its agents, servants and employees negligently, carelessly and recklessly performed their duties in that they failed to use such care in the performance of their Caseworker duties as a reasonably prudent and careful caseworker would have used under similar circumstances; in that they carelessly, recklessly and negligently charged the plaintiffs without making a proper investigation; in that they were negligent, careless and reckless in the manner in which they operated; that the defendants, their agents, servants and employees negligently, carelessly and recklessly without provocation and with great; and in that the defendants, their agents, servant and employees were otherwise careless, reckless and negligent.

102. That the aforesaid occurrence, to wit: malicious prosecution were caused wholly and solely by reason of the negligence of the defendants, its agents, servants and employees without any negligence on the part of the plaintiffs.

103. That by reason of the aforesaid, the plaintiffs was injured in mind and body, still suffers and upon information and belief,   will continue to suffer and plaintiffs has expended and incurred large sums of money in an effort to extricate from the indignities and humiliation foisted upon them by the actions of the defendants,  their agents, servants and employees; including counsel fees and disbursements; and, upon information and belief, will expend further sums in that direction, and the plaintiffs has been otherwise damaged.

104. That by reason of the aforesaid, the plaintiff has been damaged and demand from all defendants individually, jointly and/or severally, the following relief:

a. $10,000,000.00 in compensatory damages;
b. $10,000,000.00 in punitive damages;
c. Treble damages under R.I.C.O.
d. Reasonable attorney's fees, if any
e. Cost of suit

---

[5] Conspiracy

f. Interest.

## COUNT VI

**(42 U.S.C. §1983) (Violation of Plaintiffs' Ninth Amendment Rights to Privacy and Family Privacy; Denial of Due Process and Equal Protection)**

### AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF[6]

105. Plaintiffs repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1through 104 with the same force and effect as if more fully and at length set forth herein.

106. That on or about the beginning of the month of February 2017 the defendants and their agents, servants and employees maliciously prosecuted plaintiffs, without any just right or grounds therefore.

107. That the plaintiffs were and are wholly innocent, and were forced by the defendant to submit to court proceedings which are against their religion.

108. That on or about the 2nd day of February, 2017, the defendants, their agents, servants and employees falsely and maliciously and without probable cause or provocation charged the plaintiffs.

109. That the defendants, their agents, servants and employees acting in the performance of their employment and within the scope of their authority, testified falsely and withheld vital information before a Judge of the Supreme Court of the State of New York, in the County of Kings to further their own agenda furthering the conspiracy to deny plaintiffs of their rights..

110. That the said prosecution and charges and hearings 'were instituted and procured by the defendants, their agents, servants and employees in this action unlawfully and maliciously and without any reasonable or probable cause whatsoever therefore. That the commencement and/or continuation of the Family Court proceedings by the defendants against the plaintiffs was/are without probable cause, with actual malice.

111. That by reason of the aforesaid unlawful and malicious prosecution, the plaintiffs was deprived of their liberty, was subjected to great indignity, humiliation, pain and great distress of mind and body and was held up to scorn and ridicule, was injured in their character and reputation, was prevented from attending usual business and avocation, was injured in reputation in the community and the said plaintiffs has been otherwise damaged.

112. All Defendants, while acting under color of State law, interfered with and violated Plaintiffs' Ninth Amendment Right to Privacy and Family Privacy, while in the process of denying their Ninth Amendment Rights to Due Process and Equal Protection Under the Law.

---

[6] **Civil Rights Violations (42 USC § 1983)**

113. As for the Ninth Amendment, even though in the 1833 landmark Supreme Court case Barron v Baltimore, 32 U.S. (7 Pet.) 243, 8 L.Ed. 672 (1833), the Court ruled that the Ninth Amendment pertained to the federal courts only, and not to the state level of government. Basically, that meant that, originally, the Amendment protected the rights of the people from expanding power of the federal government, which is a government of "enumerated powers."

114.    However, this is where the Fourteenth Amendment comes in, as it contains the Privileges or Immunities Clause which limits the powers of the state government. These two Amendments work in conjunction with one another to ensure all rights are protected at all levels of government. Although this amendment does not have a specific right to incorporate, it has been used along with other amendments to extend the rights of the American public, especially through the establishment of the right to privacy.

115.   The right to privacy was established by the Supreme Court case Griswold v. Connecticut, 381 U.S. 479, 484, 487-496 (1965). In Griswold, Justice Douglas contended that the Bill of Right's specific guarantees have "penumbras," created by "emanations from these guarantees that help give them life and opinion." In other words, the "spirit" of the First Amendment (free speech), Third Amendment (prohibition on the forced quartering of troops), Fourth Amendment (freedom from searches and seizures), Fifth Amendment (freedom from self-incrimination), and Ninth Amendment (other rights), as applied against the states by the Fourteenth Amendment, creates a general "right to privacy" that cannot be unduly infringed. In Griswold, Justice Goldberg expanded on the Ninth Amendment argument as it applies to the states. The Ninth Amendment, and Rights to Privacy, as it applies to the States through the Fourteenth Amendment, was upheld in Roe v. Wade, 410 U.S. 113, 120, 153 (1973).

116.    Plaintiffs' Constitutional Rights to Privacy and Family Privacy under the Ninth Amendment were violated by all Defendants.

117.    Plaintiffs' Constitutional Rights to Due Process and Equal Protection Under the Law under the Ninth Amendment were violated by all Defendants.

118.    Plaintiffs' Constitutional Rights under the Privileges and Immunities Clause of the Fourteenth Amendment, in conjunction with the Ninth Amendment were violated by all Defendants.

119.    As a result of these Constitutional violations, Plaintiffs suffered injuries and damages, including but not limited to emotional trauma and costs, fines, fees, and other expenses arising out of their unconstitutional adjudications, harassment, terroristic threats by Defendants and Defendant government officials, attorneys, and employees at NYC-ACS, and deprivation of their Constitutionally protected property and liberty rights.

120.    As a result of the willful, wrongful actions of all Defendants, while acting under color of State law, Plaintiffs have sustained substantial financial loss, as well as loss of reputation, loss of freedoms, loss of privacy, and intentional/negligent infliction of emotional distress, and continue to suffer severe mental anguish, stress, humiliation, pain, and financial loss, including but not limited to costs, fines, fees, and other expenses arising out of Defendants' unconstitutional acts and adjudications.

24

121.    That by reason of the aforesaid, the plaintiff has been damaged and demand from all defendants individually, jointly and/or severally, the following relief:

a. $10,000,000.00 in compensatory damages;
b. $10,000,000.00 in punitive damages;
c. Treble damages under R.I.C.O.
d. Reasonable attorney's fees, if any
e. Cost of suit
f. Interest.

## COUNT VI I

## AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF[7]

122. Plaintiffs repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 121 with  the same force  and effect as if more fully and at length set forth herein.

123. That more so since the month of February 2017 defendant have harassed, intimidated, humiliated us and deprived us of Life, Liberty and our inherent natural rights to our child;

a)   in that all of the actions of the defendants, their agents, servants and employees, were committed with the intention to cause injury to the plaintiffs, the plaintiffs was at all times conscious of being falsely charged, did not consent to the malicious prosecution were not otherwise privileged; and,

b)   the petition for neglect/abuse were not justified by probable cause or other legal privilege; defendants, their agents, servants and employees, acting under the color of statute, ordinances, regulations, customs and usages of the State, City and County of Kings, and under the authority of their office as caseworkers and attorneys for said City, falsely charged the plaintiffs although the defendants, acting in such capacity knew that such charges were false; and,

c)   that the defendants. their agents, servants and employees failed to adequately aixi properly hire, retain, train, supervise, the defendants and to control the behavior and performance of the defendants, their agents, servants and employees and in their hiring practices in the exercise of their police functions and  their failure to enforce the laws of the State and  City of New York is evidence of the reckless lack of conscience regard for the rights of the public  including  plaintiffs and exhibited a  lack of  that degree of due care which prudent and reasonable individuals would show in executing the duties of the defendants; and,

d)   the failure of the defendants, their agents, servants and employees to hire, train, supervise, discipline or in any other way control the defendants, in the

---

[7] **Enterprise Corruption**

25

exercise of their functions and their failure to enforce the laws of the State of New York and the City of New York was and is carried out willfully, wantonly, maliciously and with such reckless disregard for the consequences as to display a conscious disregard for their employer and City of New York including plaintiffs; and,

e) due to the acts of the defendants, their agents, servants and employees herein, the failure of the City of New York to discipline and properly hire the defendants and the continued employment of the defendants present a clear and present danger to the citizens of the City and State of New York; and

f) that the said prosecution and charges and hearings were instituted and procured by the defendants, their agents, servants and employees in this action unlawfully and maliciously and without any reasonable of probable whatsoever therefore. That the continuation of malicious proceedings by the defendants against the plaintiffs without probable cause with actual malice towards the plaintiffs; and,

g) that the defendants, their agents, servants and employees permitted the use of policy and/or drafted policy that was violative of the constitutional rights of the above named plaintiffs; and, in that each and all of the acts of the defendants, their agents, servants and employees alleged herein were done under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York and the County of Kings, and under the authority of their office as caseworkers and attorneys for said city and county.

124.    Plaintiffs did not commit any illegal act, either before or at the time they were falsely charged maliciously prosecuted and deprived of their constitutional rights as set forth in the Constitution of the United States, particularly 42 U.S.C. § 1983 and the Constitution of the State of New York.

125. That at all times hereinafter mentioned, the defendants were employed in their respective capacities by the defendant THE OFFICE OF COURT ADMINISTATION, THE OFFICE OF CHILDREN AND FAMILIES SERVICES, DAVID A. HANSELL COMMISSIONER FOR THE NYC ADMINISTRATION FOR CHILDREN SERVICES and NYC CORPORATION COUNSEL, were acting under the color of their official capacity and their acts were performed under the color of the policies, statutes, ordinances, rules and regulations of the City of New York.

126. That at all times hereinafter mentioned defendants, caseworkers, were acting pursuant to order directives from defendants THE OFFICE OF COURT ADMINISTATION, THE OFFICE OF CHILDREN AND FAMILIES SERVICES, DAVID A. HANSELL COMMISSIONER FOR THE ADMINISTRATION FOR CHILDREN SERVICES and NYC OFFICE OF CORPORATION COUNSEL OF THE CITY NEW YORK and THE STATE OF NEW YORK.

127. That during all times hereinafter mentioned, the defendants caseworkers and attorneys and each of them, separately, and in concert acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of the City of New York and

26

the defendants here, separately and in concert, engaged in the illegal conduct here mentioned to the injury of the plaintiffs, M & I (Anonymous), and deprived plaintiffs of the rights, privileges and immunities secured to plaintiffs by the First and Fourteenth Amendments to the Constitution of the United States and the laws of the United States.

128. The defendants THE OFFICE OF COURT ADMINISTATION, THE OFFICE OF CHILDREN AND FAMILIES SERVICES, DAVID A. HANSELL, COMMISSIONER FOR THE ADMINISTRATION FOR CHILDREN SERVICES and NYC OFFICE OF CORPORATION COUNSEL, its individual members who are agents, servants and employees of defendants, together with persons unknown to plaintiffs, acting under color of law, have subjected plaintiffs and other persons to a pattern of conduct consisting of illegal harassment and malicious prosecution at the time said persons are lawfully and properly in their home living peaceful in the County of Kings, City and State of New York, in denial of rights, privileges and protections guaranteed plaintiffs, M & I (Anonymous), and other citizens by the Constitution of the United States.

129. This systematic pattern of conduct consists of a large number of individual acts of intimidation, and malicious prosecution visited on plaintiffs, I & M (Anonymous), and other citizens by the defendants THE OFFICE OF COURT ADMINISTATION, THE OFFICE OF CHILDREN AND FAMILIES SERVICES, DAVID A. HANSELL COMMISSIONER FOR THE ADMINISTRATION FOR CHILDREN SERVICES and NYC OFFICE OF CORPORATION COUNSEL, acting in concert with persons unknown to plaintiffs and under color of law and said acts, while carried out under color of law, have no justification or excuse in law and are instead illegal, improper and unrelated to any activity in 'which the defendants may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

130. Although defendants knew or should have known of the fact that this pattern of conduct was carried out by their agents, servants and employees, the defendant THE OFFICE OF COURT ADMINISTATION, THE OFFICE OF CHILDREN AND FAMILIES SERVICES, DAVID A. HANSELL COMMISSIONER FOR THE ADMINISTRATION FOR CHILDREN SERVICES and NYC OFFICE OF CORPORATION COUNSEL has not taken any steps or made any efforts to halt this course of conduct, to make redress to the plaintiffs or other citizens injured thereby, or to take any disciplinary action whatever against any of their employees or agents.

131. The unlawful and illegal conduct of the defendants, their agents, servants and employees and each of them, deprived plaintiffs of the following rights, privileges and immunities secured to them by the Constitution of the United States and of the State of New York:

> a) The right of plaintiffs to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States; and,

> b) The right of plaintiffs not to be deprived of life, liberty or property without due process of law and the right to the equal protection of the laws secured by

27

the Fourteenth Amendment to the Constitution of the United States.

132.   Defendant illegal misuse of federal funding it has  pursuant to Title IV-B, D & E of the Social Security laws, including but not limited to and regarding the Child Abuse Prevention and Treatment and Adoption Act, ("CAPTA"), 42 U.S.C. §§5101-5119 et seq., (Public Law 93-247) and as amended to current Public Law 111-320, which is linked by interstate compact with regard to Grants to States for child abuse or neglect prevention and treatment programs (42 U.S.C.  §5106a), linked to State judicial pensions and other pecuniary interests.  CAPTA was most recently reauthorized on May 29, 2015 by the Justice for Victims of Trafficking Act of 2015 (P.L. 114-22) and, on July 22, 2016, by the Comprehensive Addiction and Recovery Act of 2016 (P.L. 114-198).

133. That by reason of the aforesaid violations, malicious prosecution caused by the defendants, their agents, servants and employees who conspired together to enter into a outlandish scheme to wrongfully deprive the plaintiffs, and denied plaintiffs in the Constitution of the State of New York, and laws thereto, the defendants, their agents, servants and employees violated 42 U.S. C. § 1983, in that the defendants, their agents, servants and employees acted as persons who under color of any statute, ordinance, regulation, custom or usage of the City of New York, subjected or caused to be subjected, a citizens of the United States or other persons 'within the jurisdiction, particularly the plaintiff, Israel & Miriam S. , thereof to be deprived of their rights, privileges or immunities received by the Constitution and laws of the United States of America and of the State of New York; was subjected to great indignities and humiliation, and pain and distress of mind and body and was held up to scorn and ridicule, injured in his character and reputation, was prevented from attending our usual business and vocation and was injured in our reputation in the community and the acts aforementioned were committed with the aim of injuring and damaging plaintiffs.

134. That by reason of the aforesaid malicious prosecution and deprivation of plaintiffs rights and liberties as guaranteed by the, aforementioned constitutions, by the defendants, their agents, servants and employees, acting within the scope of their authority, and without any probable or reasonable cause, the plaintiffs suffered great bodily injury and suffered conscious pain and suffering, and that they was otherwise damaged.

135. That by reason of the aforesaid, the plaintiff has been damaged and demand from all defendants individually, jointly and/or severally, the following relief:

a. $10,000,000.00 in compensatory damages;
b. $10,000,000.00 in punitive damages;
c. Treble damages under R.I.C.O.
d. Reasonable attorney's fees, if any
e. Cost of suit
f. Interest.

28

## COUNT VIII

**(Violation of Plaintiffs' Fourteenth Amendment Rights to Due Process and Equal Protection Under the Law; Privileges and Immunities Clause)**

### AS AND FOR AN EIGHTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF

136. Plaintiffs repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1- 135 with the same force and effect as if more fully and at length set forth herein.

137. Plaintiffs have a constitutionally guaranteed substantive Due Process Right to companionship of their children under the Fourteenth Amendment, which was violated by all Defendants.

138. Plaintiffs' guaranteed Right to an Impartial Tribunal, under the Fourteenth Amendment, was violated by Defendants, who was acting under color of State law, and was acting in the absence of all jurisdiction.

139. Plaintiffs' constitutionally guaranteed procedural Due Process Rights were violated by all Defendants.

140. Plaintiffs' constitutionally guaranteed Rights under Equal Protection Under the Law, as guaranteed to all others similarly situated, was violated by all Defendants.

141. All Defendants violated the Plaintiffs' guaranteed Rights under the Privileges and Immunities Clause of the Fourteenth Amendment, whereby all Defendants violated the United States Constitution, New York State Constitution, Federal laws, State laws, New York Code of Judicial Conduct, and New York Rules of Professional Conduct, in denying Plaintiffs their guaranteed Constitutional Rights under the First, Fourth, Fifth, Ninth and Fourteenth Amendments.

142. As a result of these Constitutional violations, Plaintiffs suffered injuries and damages, including but not limited to emotional trauma and costs, fines, fees, and other expenses arising out of their unconstitutional adjudications, harassment, terroristic threats by Defendants and Defendant government official Conits, and deprivation of their Constitutionally protected property and liberty rights.

143. As a result of the willful, wrongful actions of all Defendants, while acting under color of State law, Plaintiffs have sustained substantial financial loss, as well as loss of reputation, loss of freedoms, loss of privacy, and intentional/negligent infliction of emotional distress, and continue to suffer severe mental anguish, stress, humiliation, pain, and financial loss, including but not limited to costs, fines, fees, and other expenses arising out of Defendants' unconstitutional acts and adjudications.

144. That by reason of the aforesaid, the plaintiff has been damaged and demand from all

defendants individually, jointly and/or severally, the following relief:

a. $10,000,000.00 in compensatory damages;
b. $10,000,000.00 in punitive damages;
c. Treble damages under R.I.C.O.
d. Reasonable attorney's fees, if any
e. Cost of suit
f. Interest.

## COUNT IX
### (Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§1961-1968; §1962(a))

145.    Plaintiffs repeat the foregoing stated paragraphs 1-144 of the Facts of the Case as if fully set forth herein.

146.    Each Plaintiff is a "person" within the meaning of 18 U.S.C. §§1961(3) and 1964.

147.    Each Defendant is a "person" within the meaning of 18 U.S.C. §§1961(3) and 1964. Defendants are, indeed, "persons" amenable to suit under RICO. RICO was written in broad terms. To state a claim, a plaintiff must allege four elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. Each element of a RICO claim requires additional analysis: an "enterprise" is marked by association and control; a "pattern" requires a showing of "continuity/continuous" and related behavior that amounts to, or poses a threat of, continued criminal violations; and "racketeering activity" that involves the violation of designated federal laws.

148.    All Defendants, led by NYC-ACS, together constitute an Association-In-Fact "enterprise" within the meaning of 18 U.S.C. §1961(4).

149.    This enterprise, an ongoing organization that functions as a continuing unit for the purposes of adjudicating the intertwined child custody and child neglect cases, for pecuniary interests where CPS agencies are granted $4,000-$6,000 for each and every child removed from their home and placed with a stranger, through threatened use of a law or legal process, whether administrative, civil, or criminal, in any manner or for any purpose for which the law was not designed, in order to exert pressure on another person to cause that person to take some action or refrain from taking some action.

150.    The Defendant "enterprise" caused injury and serious harm to Plaintiffs, whether physical or nonphysical, including psychological, financial, or reputational harm, , by means of the <u>abuse or threatened abuse of law or legal process</u> that is sufficiently serious.

151.    All Defendants have aided and abetted each other and other defendants, known and unknown, for the purpose of executing the scheme to defraud and the conspiracy to violate Plaintiffs' Constitutional Rights described herein, transmitted and/or caused to be transmitted by means of wire communications in interstate commerce, writings, signals, sounds, faxes, such

30

things as electronic funds transfers, e-mails, text messages, faxes, correspondences, and the like.

152.   Each Defendant, along with others known and unknown, was employed by or associated with the enterprise identified.

153.   Each Defendant, along with others known and unknown, conducted or participated, directly or indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity, in violation of 18 U.S.C. §1962(c).

154.   Governmental units, such as the New York City Civil Court, may be "enterprises" within the meaning of RICO. *United States v. Angelilli*, 660 F. 2d 23 (2d Cir. 1981).   A court may be an enterprise within the meaning of RICO. *United States v. Bacheler*, 611 F.2d 443, 450 (3d Cir.1979). Judges and lawyers may be "enterprises" within the meaning of RICO. *U.S. v. Limas*, 1:11-cr-00296, U.S. District Court, Southern District of Texas, Brownsville (Indictment of Judge Abel C. Limas March 29, 2011).   See also *U.S. v. Maloney*, 71 F. 3d 645 (7th Cir. 1995)(Judges guilty of RICO in "Operation Greylord").

155.   Controlling case law holds that government bodies whose conduct meets the definitions as applied to non-government entities also applies to them.   A line of cases hold that <u>any</u> governmental agency, court, political office or the like could serve as a RICO "enterprise." *United States v. Thompson*, 685 F.2d 993, 999 (6th Cir. 1982)(en banc)*cert. denied*, 459 U.S. 1072 (1983). Among the government units that have been held to be "enterprises" are offices of governors and state legislators, courts, court clerks' offices, etc.   See e.g.,*United States v. Stratton*, 649 F.2d 1066, 1072-75 (5th Cir. 1981); *United States v. Clark*, 656 F.2d 1259, 1261-67 (8th Cir. 1981) (Office of county judge); *United States v. Frumento*, 405 F. Supp. 23, 29-30 (E.D. Pa. 1975), *affd*, 563 F.2d 1083 (3d Cir. 1977). *cert, debued*, 434 U.S. 1072 (1978).

156.   In *Beauford v. Helmsley*, 493 U.S. 992, 110 S.Ct. 539, 107 L. Ed. 2d 537 (1989), the Supreme Court held that it is not necessary to prove that multiple schemes, episodes or transactions occurred in order to establish a "pattern of racketeering activity," as long as the racketeering acts were "neither isolated nor sporadic."   Mail and wire fraud were a part of the scheme, as defendants used the mails, faxes, e-mails, texts, other social media, and telephone to carry out their schemes. The mails were used in filing court papers, used to notify plaintiff of these filings.   More than two, actually dozens of instances, of such mail and wire fraud occurred, in a pattern of racketeering activity.

157.   The Seventh Circuit Court of Appeals held that the Circuit Court of Cook County, Chicago, Illinois is a criminal enterprise. *U.S. v. Murphy*, 768F.2d 1518, 1531 (7th Cir. 1985); See *United States v. Maloney*, 71 F.3d 645 (CA7 1995), *cert. denied*, 519 U.S. ___ (1996); see generally *J. Tuohy & R. Warden, "Greylord – Justice, Chicago Style* (1989).   The United States Supreme Court acknowledged the judicial corruption in Cook County, when it stated that Judge "Maloney was one of many dishonest judges exposed and convicted through 'Operation Greylord', a labyrinthine federal investigation of judicial corruption in Chicago". *Bracey v. Gramley*, 520 U.S. 899, 117 S.Ct. 1793, 1797 (1997).   Since judges who do not report the criminal activities of other judges, they become principals in the criminal activity, 18 U.S.C. § 1, and since no judges have reported the criminal activity of the judges who have been convicted, the other judges are as guilty as the convicted judges.

158.   Defendants are "persons" within the meaning of 18 U.S.C. §1961(3).   Defendants are involved as and with a quasi-government unit/agency as well as governmental unit and/or governmental agency, and falls within the meaning of 18 U.S.C. §1961(3).

31

159.   The pattern of racketeering activity, which each Defendant conducted or in which each Defendant participated, included the following "racketeering acts" within the meaning of 18 U.S.C. §1961(1), which occurred by fabricating and falsifying legal documents, obstructing justice, tampering with evidence and witnesses, making and falsifying testimony, harassing and intimidating Plaintiffs, defiant trespassing on property, faxing, emailing, postal mailing, telephoning, texting documents, comments, and pleadings to one another:

   (a)   Devising or intending to devise a scheme or artifice to defraud and commit extortion through use of violence, threats, and fear, in violation of 18 U.S.C. § 1951, by means of wire communication in interstate commerce, in violation of 18 U.S.C. §1343, in particular as described above, without limitation;

   (b)   Devising or intending to devise a scheme or artifice to defraud the citizens of the State of New York, including Plaintiffs, to deprive those citizens—and particularly Plaintiffs—of the intangible *right of honest services* by means of wire communication in interstate commerce, in violation of 18 U.S.C. §§1343 and 1346, in particular as described above, without limitation;

   (c)   Offering, conferring, or agreeing to confer on another a pecuniary benefit as consideration for the decision, opinion, recommendation, or other exercise of discretion as a public servant by the recipient, in violation of New York Constitution, Statutes, Code of Judicial Conduct, Rules of Professional Conduct, other ethical rules for the different experts involved, where judges or magistrates, lawyers, and others are prohibited from receiving pecuniary benefits, including but not limited to federal, state and/or local reimbursement funding that would be transferred to the general treasury and which the State, county or local government would pay out in pensions, salaries, bounties or bonuses, in particular as described above, including and without limitation;

   (d)   Soliciting, accepting, or agreeing to accept from another a pecuniary benefit as consideration for the decision, opinion, recommendation, or other exercise of discretion as a public servant by the recipient, in violation of New York Statutes in particular as described above, including and without limitation;

   (e)   Soliciting, accepting, or agreeing to accept from another any benefit as consideration for a violation of a known legal duty as a public servant/official, in violation of New York State laws, in particular as described above, including and without limitation.

160.   The aforementioned instances of racketeering activity constitute a "pattern of racketeering activity", as defined in 18 U.S.C. §1961(5). The aforementioned acts occurred continuously, as part of the Defendants' regular way of conducting and participating in the ongoing RICO enterprise of obtaining "cash for kids". These acts had the same or similar participants, victims, and method of commission. Specifically, these acts were all related to the common purpose of enriching various Defendants by establishing a fraudulent child abuse & neglect, custody procedure, and extortion scheme.

161.   The Defendants allegedly have and/or are continuing to accept compensation for this matter, and are now seeking, through threats, violence, fear, duress and coercion, more monies in the form of fraudulent extortionate fees, and professional fee with the Kings County Family Court to extort more monies from Plaintiffs, in exchange for official actions.

162.   Defendants have curtailed and "chilled" Plaintiffs from filing petitions and pleadings in the Family Court by getting the Family Court Judge to issue orders prohibiting Plaintiffs from filing any more petitions or pleadings. All the while, the Defendants continue to file petitions and pleadings, and self-serving, inadmissible, hearsay Affirmations with the Court seeking all

manner of relief, including attempting to extort legal and professional fees at the expense of Plaintiffs, for the unlawful restraint/kidnapping and holding for ransom of their daughter.

163. Additionally, all Defendants are attempting, or have attempted in the past, to hide their false and fraudulent documents, evidence, testimony and witnesses, along with the compensation they paid, transferred, and/or received by causing the compensation to pass through the hands of various public servants/officials, by creating false records, and/or causing false records to be created with computer-generated sheets involving false and fraudulent orders.

164. After numerous threats were made by Defendants, Plaintiffs have been harmed and are being further damaged.

165. As a direct and proximate result and by reason of each of the Defendants' conduct of or participation in the affairs of the previously described enterprise, along with others known and unknown, Plaintiffs have been injured in their reputation, business, and/or property.

166. Plaintiffs have been deprived of monies, freedom, property, loss of right to privacy and to be free from fear and violence being perpetrated upon Plaintiffs by all Defendants.

167. The aforementioned conduct and practices were specifically devised to injure and harm the Plaintiffs.

168. That by reason of the aforesaid, the plaintiff has been damaged and demand from all defendants individually, jointly and/or severally, the following relief:

a. $10,000,000.00 in compensatory damages;
b. $10,000,000.00 in punitive damages;
c. Treble damages under R.I.C.O.
d. Reasonable attorney's fees, if any
e. Cost of suit
f. Interest.

## COUNT X
### (Civil RICO (18 U.S.C. §1962(b))

169. Plaintiffs repeat the foregoing stated paragraphs 1-168 of the Facts of the Case as if fully set forth herein.

170. The Defendants, along with others known and unknown, acquired and maintain interest in and control of the enterprise, known as the Kings County Family Court scam enterprise identified above, *supra*, through their pattern of racketeering activity, in violation of 18 U.S.C. §1962(b).

171. They did so through a pattern of violations of 18 U.S.C. §§1343 and 1346 and New York State Statutes in violating child custody laws, child abuse and neglect laws, adoption and safe families acts, child support laws, criminal laws, and Federal laws, induced by and through unlawful use of threats, harassment and intimidation, violence, use of actual or threatened force, or fear, or under color of official right to invade the privacy rights of Plaintiffs and extort

33

property from Plaintiffs, pursuant to 18 U.S.C. §1951 ("Hobbs Act"): "Whoever in any way or degree obstructs, delays, or affects <u>commerce</u> or the movement of any article or commodity in <u>commerce</u>, by robbery or <u>extortion</u> or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both".

172.   As a direct and proximate result and by reason of each of the Defendants' acquisition and maintenance of interests in and control of the enterprise, the Constitutional Rights of the Plaintiffs, who were forced to appear before Kings County Supreme Court and Kings County Family Court, whereby Plaintiff's  has been subjected to Forced Labor by being forced to represent themself as their own attorney and having to labor as an attorney without the appropriate education and practice,  with Plaintiffs being subjected to violations of substantive and procedural Due Process, Equal Protection Under the Law, deprived of effective, competent counsel, and where an impartial judiciary was violated.

173.   As a direct and proximate result and by reason of each of the Defendants' acquisition and maintenance of interests in and control of the enterprise, the Plaintiffs have been damaged and injured in their reputation, business, liberties, and/or property.

174.   Such injuries consist, *inter alia*, of the following:
    (a)     Loss of right to privacy and to be free from fear and violence being perpetrated upon Plaintiffs by all Defendants and other criminal elements.
    (b)     Payments of many tens of thousands of dollars made by Plaintiffs to attorneys for representation against the false and fabricated applications, barratry, false and perjurious testimony, false and tampered-with evidence, obstruction of justice, fabricated hearings, false notices to appear, and the like.

175.   The aforementioned conduct and practices were specifically devised to injure and harm

the Plaintiffs.

176.   That by reason of the aforesaid, the plaintiff has been damaged and demand from all defendants individually, jointly and/or severally, the following relief:

a. $10,000,000.00 in compensatory damages;
b. $10,000,000.00 in punitive damages;
c. Treble damages under R.I.C.O.
d. Reasonable attorney's fees, if any
e. Cost of suit
f. Interest.
Any other and further relief that the Court may deem just and proper.

## COUNT XI

### (Civil RICO (18 U.S.C. §1962(d))

**177.** Plaintiffs repeat the foregoing stated paragraphs 1-766 as if fully set forth herein.

178. As set forth above, all Defendants agreed and conspired to violate 18 U.S.C. §1962(b) and (c), all in violation of 18 U.S.C. §1962(d).

179. In particular, the Defendants intentionally conspired and agreed to acquire and maintain interests in and control of the enterprise through a pattern of racketeering activity, as described above. Additionally, the Defendants intentionally conspired and agreed to conduct and participate in the conduct of affairs of the enterprise through a pattern of racketeering activity, as described above.

180. The Defendants took overt acts in furtherance of the conspiracy as described above, including, but not limited to, (a) falsifying medical and child abuse records of the children in question, (b) government officials threatening Plaintiffs with financial destruction and destruction of their lives, (c) threatening to impose additional punishment in violation of State and Federal laws, against Plaintiffs after Plaintiffs were subjected to false and fabricated court documents and orders, tampering with evidence, witnesses and testimony, violation of their parental rights.

181. Plaintiffs are being constantly threatened, but not limited, with extortion, harassment, slander, and violence over the telephones, on the internet, and other media. In what can only be termed as a kidnapping and extortion scheme, Plaintiffs' minor children are also under threat of same, has been unlawfully restrained, kidnapped, and held for ransom by Defendants. These and other acts described above constitute the overt acts.

182. The Defendants knew and continue to know that their predicate acts were/are part of a pattern of racketeering activity that continues at present and the Defendants agreed to the commission of those acts in furtherance of their schemes described above.

183. As a direct and proximate result of the Defendants' conspiracy, the overt acts taken in furtherance of the conspiracy, and violations of 18 U.S.C. §1962(b) and (c), the Plaintiffs have been harmed, injured and damaged, in their persons, business and/or property as aforementioned.
184. The aforementioned conduct and practices were specifically devised to harm, damage and injure the Plaintiffs.

185. That by reason of the aforesaid, the plaintiff has been damaged and demand from all defendants individually, jointly and/or severally, the following relief:

a. $10,000,000.00 in compensatory damages;
b. $10,000,000.00 in punitive damages;
c. Treble damages under R.I.C.O.
d. Reasonable attorney's fees, if any
e. Cost of suit
f. Interest.

35

## COUNT XII
### (Pendent Claims of Intentional/Negligent Infliction of Emotional Distress

### Caused by Defendants)

186.    Plaintiffs repeat the foregoing stated paragraphs 1-185 of the Facts of the Case as if fully set forth herein.

187.    In the course of the false and fabricated case brought by all Defendants against Plaintiffs as described above, and the harm and damages that Plaintiffs are suffering as a result, Defendants embarked on a malicious, willful, and grossly negligent course of conduct intended to cause Plaintiffs to suffer extreme mental and emotional distress, agony, and anxiety.

188..    Objectives of this extreme and outrageous course of conduct was to inflict severe mental and emotional distress upon Plaintiffs so as to use the full weight of the state courts, intimidate, terrify, and dissuade them from filing the action/actions in Kings County Family Court and giving up their children under threat, duress and coercion.

189.    All Defendants have directly threatened to commit threats of violence, harassment, slander, willful misconduct, gross negligence, ruination of Plaintiffs financially and ruination of their lives, and instill fear against Plaintiffs as a result.  The Defendants carried through with this by violating Federal and State Constitutional Rights and Federal and State law, since Plaintiffs' parental rights were interfered with and purported terminated by a court of competent jurisdiction.

190.    All Defendants, and other known and unknown agents, intentionally, recklessly or negligently caused Plaintiffs to suffer mental and emotional distress by impeding and obstructing their case, by and using threat, duress and coercion.

191.    The Defendants, along with others, known and unknown, pursued a malicious campaign to inflict mental and emotional distress upon Plaintiffs by falsely using law and legal process to make false allegations.   These false allegations, as these Defendants knew or should have known, caused Plaintiffs extreme distress and anguish.

192.    The actions aforesaid were intentional and were intended to produce and did produce emotional distress in Plaintiffs.  Alternatively, the actions were recklessly in disregard of a high probability that emotional distress would follow.

193.    The aforesaid acts of intentional, reckless and negligent infliction of emotional and mental distress caused by Defendants against Plaintiffs constitutes misconduct of an egregious nature that exceeds all bounds usually tolerated by a civilized society.

194.    That by reason of the aforesaid caused willfully and maliciously by the defendants, their agents, servants and  employees, the plaintiffs was wrongfully deprived of his rights, privileges and benefits as provided to plaintiffs under the Constitution of the State of New York; sustained severe, serious and upon information and belief our minor children have suffered the trauma of being separated from  their  family  and  exposed the psychological horror of the family court system which is inadequate, flawed and lacks integrity, has subjected our children to great

indignities and humiliation, and pain and distress of mind and body, and was held up to scorn and ridicule, injured in our character and reputation, was prevented from attending our usual business and vocation, was injured in our reputation in the community and the acts aforementioned were committed with the aim of injuring and damaging the plaintiffs.

WHEREFORE, Plaintiffs Israel Schvimmer & Miriam Schvimmer demand from all Defendants Individually, jointly and/or severally, the following relief:

$240,000,000.00 in compensatory damages;
$240,000,000.00 in punitive damages;
Treble damages under R.I.C.O.;
Reasonable attorney fees, if any;
Costs of suit;
Interest;
Any other and further relief that the Court may deem just and proper.

## TRIAL BY JURY DEMAND

Trial by Jury is demanded on all issues.

Dated: January 4, 2019

_____
Israel Schvimmer
*In propria persona, sui juris*
96 Skillman Street #11
Brooklyn, New York 11205
(718) 855-6087

_____
Miriam Schvimmer
*In propria persona, sui juris*
96 Skillman Street #11
Brooklyn, New York 11205
(718) 855-6087

37