**ORIGINAL**

**HARVEY S. JACOBS**
COUNSELOR AT LAW

26 COURT STREET, BROOKLYN, NEW YORK 11242
718/237-9795
FAX 718/855-2057

January 24, 2019



Hon. William F. Kuntz, II
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Schvimmer v. The Office of Court Administration,
             et al., CV 18-7419

Dear Judge Kuntz:

I am a defendant in the above captioned action. Consistent with Your Honor's Individual Rule III, Civil Motions (B)(3) and the Federal Rule of Civil Procedure, please see below my cause to seek a Motion to Dismiss pursuant to FRCP 12(b)(6) for failure to state a claim.

Please be advised, as Plaintiffs are *PRO SE* thus I have filed this application via ECF and have sent copies of this application to Plaintiffs' home address via FEDEX.

I am an attorney having been admitted to practice law in the state of New York and the Federal District Court, Eastern and Southern Districts of New York. I have maintained a private law practice concentrating in the area of matrimonial and family law for many years. I have never been employed by The Office of Court Administration; the New York City Police Department; the New York State Office of Children & Family Services or the New York City Administration for Children's Services, (ACS) nor any other named Defendant public agencies.

Plaintiffs make reference to me by name asserting spurious and false accusations. For example:

On page 3, paragraph 3, Plaintiffs allege that I have conspired with the Family Court Judge and NYC ACS attorney to ensure that plaintiff Parents child F.S. will not be returned home. This allegation is not merely false but libelous.

On page 4, paragraph 10, Plaintiffs allege a conspiracy because of my "control of the Jewish Adoptions; the filing of a custody petition after NYC ACS had an UNFOUNDED finding". This allegation is patently false as I have never had any control whatsoever of such an agency.

**HARVEY S. JACOBS**

Hon. William F. Kuntz, II                                      January 24, 2019
Schvimmer v OCA et al                                         Page 2

Indeed, Plaintiffs make unfounded and baseless allegations against me in paragraphs 34, 47 and throughout their extensive Complaint.

As a brief factual background, the Plaintiff Israel Schvimmer (ISRAEL) commenced a divorce action against his wife, the Plaintiff Miriam Schvimmer (MIRIAM) in 2016 in Supreme Court State of New York, County of Kings.   In connection with that action each made allegations of domestic violence against the other.   As there were two minor children, a daughter, FS, born May 23, 2002 and a son IS, born October 5, 2006 an Attorney for the children was appointed to represent the two minors with regard to issues of custody and visitation. At one point during the Supreme Court divorce action - approximately September 2016 - the parents MIRIAM and ISRAEL consented for FS to reside out of their home and with a relative. Their son, IS has always resided with the Plaintiffs.

In February 2017 FS left the home of the relative with whom she had been residing. Through the intervention of many family members FS came to the home of her paternal aunt, Sara R. Based upon complaints made by FS, an investigation was conducted by the Defendant ACS.

In her effort to obtain the return of FS who was no longer residing with the prior agreed upon relative, the Plaintiff MIRIAM sought a *Writ of Habeas Corpus* from the Supreme Court matrimonial justice the Hon. Delores J. Thomas. The writ of habeas corpus named 15 relatives whom Plaintiff MIRIAM alleged had knowledge and or control of FS.

Upon being served with the *Writ of Habeas Corpus* and an Order to Show Cause returnable February 16, 2017 in the Supreme Court, the paternal aunt, Sara R. retained this office.

On or about February 14, 2017 ACS commenced a Family Court Act Article 10 child protective proceeding in the Family Court, Kings County against both parents, the Plaintiffs herein.   Each of the Plaintiffs herein were named as Respondents in the Family Court neglect proceeding.

On February 14, 2017 the Plaintiffs appeared in Family Court with their attorneys who had been representing them in the Supreme Court matrimonial action.   ACS sought the removal of FS from the parent's home to ensure the child's safety.   The Family Court judge ordered that the child FS reside with her paternal aunt Sara R. and adjourned the matter to February 15, 2017. The child IS remained at home with the parents.

**HARVEY S. JACOBS**

Hon. William F. Kuntz, II                                           January 24, 2019
Schvimmer v. OCA et al                                             Page 3

On February 15, 2017 a hearing commenced in Family Court with the testimony of the child FS regarding the home conditions with the parents and her reasons for not wanting to return. Each of the Plaintiffs appeared with independent retained counsel and had the opportunity to question the child. During the child's testimony the Plaintiffs withdrew their request that FS be returned to them and each consented to an order of removal of FS from their home and FS's residence with the paternal aunt, Sara R. The child IS has continuously resided with the Plaintiffs.

Shortly thereafter the Plaintiffs discharged their attorneys in the matrimonial action and discontinued the divorce proceeding.  During the Family Court child protective proceeding the Plaintiffs' changed attorneys and ultimately proceeded *Pro Se.*

Prior to February 2017 I had no relationship with any of the named Defendants except for the Defendant Billa Tessler Bendet who I knew professionally as a therapist from other matrimonial cases.

I have not played a role in the pending Family Court proceedings, merely making an appearance in Court on those occasions in which the Family Court judge has required my client, Sara R. or me to appear.

My client advised me that FS had made it known that she wished to reside with her aunt and that they wished the aunt to obtain custody. Accordingly, Sara R. filed a petition in Family Court seeking custody of FS. The Family Court judge made it clear that the custody petition would not be entertained until such time as the trial on the pending neglect proceeding was completed.

In sum, Plaintiffs have failed to allege specific, provable facts to support their allegations that I have conspired with any of the other named Defendants to defeat their legal rights to due process or their rights to their child. Rather they impermissibly rely on speculation or bald conclusions or baseless accusations against me.

Respectfully submitted,

HARVEY S. JACOBS, ESQ.

cc:    Miriam Schvimmer (via FedEx)
       Israel Schvimmer (via FedEx)
       Sally Simone Markowitz, Esq. (via FedEx)