**NEW YORK STATE**
Unified Court System
OFFICE OF COURT ADMINISTRATION

LAWRENCE K. MARKS
CHIEF ADMINISTRATIVE JUDGE

JOHN W. McCONNELL
COUNSEL

January 29, 2019

**BY ELECTRONIC CASE FILE**

Hon. William F. Kuntz II
United States District Judge
United States District Court
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    **Schvimmer v. Office of Court Administration**
       18 CV 7419 (WFK) (SMG) (U.S. Dist. Ct., E.D.N.Y.)

Dear Judge Kuntz:

We represent the defendant Office of Court Administration ("OCA") in the above-referenced action and write to request a pre-motion conference on OCA's proposed pre-answer motion for an order, pursuant to Fed. R. Civ. P. 12 (b) (1), dismissing the amended complaint.

Plaintiffs -- a husband and wife who were parties to state court proceedings -- claim that OCA in concert with 28 other defendants[1] interfered with their parent - child relationship in court proceedings which resulted in the loss of custody of, and denial of supervised visits with, their child. Plaintiffs seek to hold OCA responsible for the acts of

---

[1] In addition to OCA, plaintiff identify as defendants, the Commissioner, officials, and case workers of the New York City Administration for Child Services; the New York State Office of Children and Family Services; the New York City Corporation Counsel; a New York City police detective; a private attorney; and a court-appointed therapist.

COUNSEL'S OFFICE • 25 BEAVER STREET, NEW YORK, NEW YORK 10004 • TEL: 212-428-2150 • FAX: 212-428-2155

Hon. William F. Kuntz II                                    January 29, 2019
Schvimmer v. Office of Court Administration                 Page 2

---

unidentified judicial officers and employees of the New York City Family Court and Kings County Supreme Court. Plaintiffs claim violations of their rights under the United States Constitution, specifically the First, Fourth, Ninth and Fourteenth Amendments; certain federal statutes, 18 U.S.C.§§ 241, 242, and 245, 28 U.S.C.§§ 1983, 1985, 1986, and 1988, and the Racketeer Influenced and Corrupt Organization Act (18 U.S.C. §§ 1961 - 1966) ("RICO"); and state common law causes of action for negligence, negligent supervision, and intentional emotional infliction of emotional distress. Plaintiff seeks money damages, including compensatory, punitive, and treble RICO damages, as well as attorney fees, and costs.

OCA seeks to move to dismiss the amended complaint as against it on the ground that plaintiffs's federal and state law claims are barred by the doctrine of sovereign immunity as codified in the Eleventh Amendment to the United States Constitution.

OCA is the administrative arm of the New York State Unified Court System, which constitutes the Judicial Branch of New York state government. See N.Y.S. Constitution Art. 6 §§ 1 and 13; Art. 13 § 13. The Eleventh Amendment of the United States Constitution bars "federal jurisdiction over suits against nonconsenting States." Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 73, 120 S. Ct. 631, 640 (2000). See also Pennhurst St. Sch. & Hosp. v. Halderman, 465 U.S. 89, 101-102 (1984) (Eleventh Amendment immunity applies to claims for both monetary and injunctive relief). For the reasons stated below, because OCA has not waived its immunity under the Eleventh Amendment or consented to being sued in federal court for alleged violations of the federal constitution, federal statutes, and state law, plaintiffs are barred from asserting those claims against OCA.

It is well-established that the Eleventh Amendment is applicable to all claims brought against a state, its officers, and agencies in federal court under the federal constitution, federal statutes, such 42 U.S.C. §§ 1983 and 1985, 1986, and RICO, and state common law causes of action. Gollomp v. Spitzer, 568 F.3d 355, 365 - 369 (2d Cir. 2009 (claims under sections 1983, 1985, and 1986 barred by the Eleventh Amendment); Murawski v. N.Y.S. Bd. of Elections, 285 F. Supp. 3d 691, 695 - 696 (S.D.N.Y. Jan. 25, 2018) (claims under the First, Fifth and Fourteenth Amendments of the federal constitution barred by the Eleventh Amendment); Fallica v. N. Shore U. Hosp., 2014 WL 1093116, at *12 - 13 (E.D.N.Y. Feb. 26, 2014) (RICO claims barred by the Eleventh Amendment); Phipps v. N.Y.S. Dept. of Labor, 53 F. Supp. 2d 551, 558 (N.D.N.Y. 1999) (state law claims of negligent supervision and intentional infliction of emotional distress barred by the Eleventh Amendment).

Hon. William F. Kuntz II                                    January 29, 2019
Schvimmer v. Office of Court Administration                      Page 3

_____

      Here, OCA is an agency of the Unified Court System. See Posr v. Ct. Off. Shield # 207, 180 F.3d 409, 414 (2d Cir. 1999); Volin v. N.Y. State Ct. Admin., 1992 WL 123174, at *2 (S.D.N.Y. 1992). In as much as neither the State of New York, UCS or OCA has consented to suit in federal court for violations of federal and state law, see McCluskey v. Unified Ct. Sys., 442 Fed. App'x 586, 588 (2d Cir. 2011); Sathue v. Niagara City Police Dept., 2018 WL 550520, at *4 (W.D.N.Y. Jan. 25, 2018); Holmes v. Caliber Home State Loans, Inc., 2017 WL 3267766, at *5 (S.D.N.Y. Jul. 31, 2017), plaintiffs are precluded from asserting claims against OCA for violations of the federal constitution, the federal civil rights statutes,[2] RICO, as well as state law causes of action for negligence, negligent supervision, and intentional infliction of emotional distress.[3]

      Furthermore, OCA cannot be held responsible for the decisions made by judges in their judicial capacity. See Katz v. Lerner, 713 F. Supp. 568 (E.D.N.Y. 1989)

      In light thereof, UCS requests permission to move to dismiss the amended complaint.

Very truly yours,

Pedro Morales
Assistant Deputy Counsel

cc:    Israel and Miriam Schvimmer (by first class mail)

_____

[2] In addition to 42 U.S.C. §§ 1983, 1985, and 1986, claims under section 1988 should also be dismissed as that statute, which awards attorneys' and expert fees, is contingent on the successful assertion of claims under the aforementioned provisions. See 42 U.S.C. § 1988 (b) and (c).

[3] In addition, plaintiffs claims under the federal criminal statutes, 18 U.S.C. §§ 241, 242, and 245, should be dismissed because these statutes do not create private rights of action. Sathue v. Niagara City Police Dept., 2018 WL 550520, at *3 (W.D.N.Y. Jan. 25, 2018) (dismissing claims under sections 241 and 242); Dugar v. Coughlin, 613 F. Supp. 849, 852 n.1 (S.D.N.Y. 1985) (dismissing claims under section 245).