**ORIGINAL**

Sally Simone Markowitz, Esq.
26 Court Street, Suite 901
Brooklyn, New York 11201
Telephone: (718) 648-8200
Fax: (718) 852-5360



February 18, 2019

The Honorable Judge William F. Kuntz, II
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Israel Schvimmer & Miriam Schvimmer v. The Office of Court Administration,
      et al., 18-CV-7419 (WFK)(SMG)

Dear Honorable Judge Kuntz:

I am a pro se defendant. I am writing this letter pursuant to Rule III(B) of your Individual Motion Practices and Rules, I respectfully submit this request for a pre-motion conference concerning my contemplated filing of a motion to dismiss the Amended Complaint, ECF Doc. No. 4, pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

### BACKGROUND

The pro se Plaintiffs' complaint arises out litigation that began when the Plaintiff, I.S. filed for divorce against the Plaintiff, M.S. in the Supreme Court of the State of New York, County of Kings.[1] On or about the 14th day of July, 2016, after the commencement of the matrimonial action, Plaintiff, M.S. went to the Family Court of the State of New York, County of Kings (hereinafter, "Family Court") seeking an order of protection against Plaintiff, I.S. on behalf of herself and their minor children. On or about the 2nd day of February, 2017, Plaintiff, M.S. filed a writ of habeas corpus proceeding for the Subject Child, F.S. against approximately 15 individuals including but not limited to her adult children and the Subject Child, F.S.'s therapist in the Supreme Court of the State of New York, County of Kings.[2]

That the pro se Plaintiffs' eventually withdrew the above-referenced filings against one another, however, prior to their withdrawal, on or about the 14th day of February, 2017, an action for neglect was filed by the Administration for Children's Services on behalf of the minor children. Not long after, a custody proceeding was filed by the paternal aunt, for whom the Subject Child, F.S. was released.[3]

---

[1] During that proceeding, Plaintiff, I.S. alleged physical violence committed by the Plaintiff, M.S. against him in the presence of their minor children.

[2] Portions of that proceeding were resolved, other issues should have merged with the Family Court proceedings.

That I was assigned and/or appointed to represent the Subject Child, F.S. on or about the 9th day of August, 2016 through the 9th day of January, 2019, when I made a motion to be relieved in the Family Court of the State of New York, County of Kings.[4]

The present complaint alleges that, in the course of the Family Court proceedings, in which I was assigned and/or appointed to represent the Subject Child, F.S., I along with other Defendants, "has denied the Plaintiff's of their due process to a fair trial. For over 22 months the plaintiff's I & M (Anonymous) has not seen their minor female child." ECF Doc. No. 4, ¶9.

The complaint further alleges that I am "sued individually and in her capacity wherein it is alleged that she subjected and cause the depravation of Plaintiff's and their children's civil rights and privileges secured by the New York State[s] and the United States Constitution and is aiding and abetting in a conspiracy with the other defendant. She is assigned by the court and she is seeking a judgment against the Plaintiff if she is not paid by us under some deviant agenda or even extorts us financially for the return of our daughter.[5] SALLY SIMONE MARKOWITZ failed to adequately apprise the KINGS COUNTY FAMILY COURT of exculpatory information. Defendant SALLY SIMONE MARKOWITZ having full knowledge of the wrongs conspired to be done as alluded to in 42 U.S.C. § 1983 & § 1985, or knowing of the wrongs about to be committed, and having the power to prevent or aid in preventing the same, has neglected or refused to do that which by a reasonable and diligent person would have prevented. The defendant SALLY SIMONE MARKOWITZ was the direct and/or proximate cause of the Plaintiff's and their child's injuries and cause for relief."

---

[4] That throughout most of these proceedings, the Subject Child, F.S. has not resided with Plaintiffs. Part of this time frame was by their written or implied consent.

Further, Plaintiff, M.S. made an application for a F.C.A. §1027 hearing (converted to F.C.A. §1028 hearing) for return of the Subject Child, F.S., which she withdrew through counsel with the understanding that the Subject Child, F.S. would be released to the paternal aunt, after F.S. testified about alleged abuse by Plaintiffs.

[5] Five orders have existed regarding payment for work done on the Supreme Court and Family Court actions. The only payment I have sought is in compliance with the Orders. Since the filing of the Family Court neglect action, Plaintiffs have moved assets and have paid zero monies toward legal fees on behalf of the Subject Child, F.S. (Based on information and belief, Plaintiffs have been involved in litigation related to non-payment of legal fees owed to an attorney, in which assets were moved to prevent collection. See Zanani v Schvimmer, 117 A.D. 3d 941 (2014)).

Further, Plaintiffs, have filed a Notice of Appeal of the order from the Family Court dated the 23rd day of October, 2018 related to Decision and Order on Attorney for Child's Motion for Fees-Outstanding Portion of Motion #16. Other state venues exist to resolve disputes regarding court orders related to my fees.

Regardless, since the date of my initial assignment and/or appointment in the Supreme Court through my relief in the Family Court, the Subject Child has not waivered in her position that she does not wish to be in the care of the Plaintiffs and as her attorney, I represented her according to her wishes.

According to the Plaintiffs', I acted under color of State Law......individually and together with other defendants, conspired and acted and did violate their constitutional rights. These acts allegedly violated the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution, the criminal statutes 18 U.S.C. §§ 241, 242, 245, 42 U.S.C. §§ 1983, 1985, 1986, 1988 and the civil Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1961 et seq. ("RICO") §§ 1962 and 1964. Id., Jurisdiction and Venue, ¶ 1. In addition, with respect to the claims against me, Plaintiffs'. allege a state law claim for intentional infliction of emotional distress id., ¶¶41-41.

Based on their numerous claims, Plaintiffs seek relief, including, but not limited to compensatory and punitive damages, treble damages under RICO, attorneys' fees, costs and interest. See id. ¶¶53 (a)- (f), 69 (a)-(f), 79 (a)-(f), 99 (a)-(f), 104 (a)-(f), 121 (a)-(f), 135 (a)-(f), 144 (a)-(f), 168 (a)-(f), 176 (a)-(f), 185 (a)-(f). Further Plaintiffs seek declaratory relief id., ¶50.

## ARGUMENT

First, is well established that as individuals not attorneys, the Plaintiffs cannot file an action on behalf of their minor children.

Second, Plaintiffs cannot assert claims under criminal statutes 18 U.S.C. §§ 241, 242, and 245 because these statutes do not afford private causes of action.

Third, pursuant to New York law, a parent has no legally cognizable cause of action against his or her child's attorney, "either individually or on behalf of plaintiff child," since the parent is not in privity with the attorney, and the attorney has no duty to him or her. Bluntt v. O'Connor, 291 A.D.2d 106, 108, 737 N.Y.S.2d 471, 472 (4th Dep't 2002). I represented their child, F.S.

Fourth, the New York State and federal courts have uniformly held that an attorney assigned to represent a child in a Family or Supreme Court matters is protected by quasi-judicial immunity from liability to the child's parents for actions taken in the course of their representation. See, e.g., Bluntt v. O'Connor, 291 A.D.2d at 108.

Fifth, the Plaintiffs claims are rooted in ongoing state family court proceedings and are barred by the domestic relations exception to federal jurisdiction and should not be reviewed by this Court under Rooker-Feldman doctrine and Younger abstention doctrine.

Seventh, private attorneys, appointed by the Court as law guardians are not state actors for purposes of 42 U.S.C. §1983.

Finally, Plaintiffs have failed to allege specific, provable facts to support their allegations against me. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

For the above-mentioned reasons, all claims should be dismissed against me. I am asking for a pre-motion conference with the other named Defendants, which has been scheduled for March 27, 2019 at 12:00 P.M. in Courtroom 6H, and a new briefing schedule, if necessary be set for me after the pre-motion conference.

Thank you for your consideration.

Best,

*Sally Simone Markowitz*

Sally Simone Markowitz, Esq. (Pro Se Litigant)

To:

Israel Schvimmer
96 Skillman Street, Unit #11
Brooklyn, New York 11205

Miriam Schvimmer
96 Skillman Street, Unit #11
Brooklyn, New York 11205

All counsel of record (via ECF)