

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

Israel Schvimmer & Miriam Schvimmer,

                Plaintiffs,

    -against-

The Office of Court Administration; NYC
Police Det. Buckner of the 79 th Precinct;
NYS Office of Children and Family Services;
David A. Hansell (reg. #1950179) Individually
And as NYC Commissioner of the Administration
For Children's Services; NYC Office of the
Corporation Counsel; Rebecca Elizabeth
Szewczuk (reg. #4686903) Individually and as
Attorney for NYC ACS-Kings County (Family
Court) and as Attorney for Corporation Counsel
Of the City of New York; Ian Sangenito
(reg. #3035235) Individually and as Attorney
for NYC ACS (Brooklyn Office) Kings County Family
Court office; John Anthony Morgano (reg.
#4558565) Individually and as Attorney for NYC
ACS, and as Attorney for Corporation Counsel of
the City of New York; Kathy Ann Best
Individually and as Caseworker for NYC-ACS;
Carmelita Cyrus Individually and as Supervisor
#1 from NYC-ACS; Karen McNeely, Individually
and as Caseworker for NYC-ACS; Airat Bakara
Adejobi Individually and as Supervisor for
NYC-ACS; Jeanette Vega-Alvarez Individually
And as NYC-ACS Supervisor FSU; Beverly
Drayton Individually and as Caseworker for
NYC-ACS; Peter Hill LCSW (Lie. #028238)
Individually and as Caseworker for NYC-ACS;
Jonathan Caceras Individually and as
Caseworker for NYC-ACS; Syndia Semexant
Individually and as Caseworker for NYC-ACS;
Wanda Fraser Individually and as Caseworker
For NYC-ACS; Christine aka/Lottie Henderson
Individually and as Caseworker for NYC-ACS;
Lorek Grazna Individually and as Caseworker
For NYC-ACS; Chigewe Chisaramokwu
Individually and as Caseworker for NYC-ACS;
Sharon St Hill Individually and as Caseworker for

Civil Action No.: CV18-7419



RECEIVED
SEP 1 6 2019
PRO SE OFFICE

NYC-ACS; Nicholas P. Smith LCSW (Lie#)
Individually and as Caseworker for NYC-ACS;
Emmanuelle Flax Individually and as
Caseworker for NYC-ACS; I·farve y S. Jacobs
(reg #1253863), Prrvate Attorney; Sally
Simone Markowitz (reg. #3986031)
Individually Private Attorney Court Appointed;
Rabbi Azriel Juda Katz; Liaison for NYC ACS;
Billa Tessler Bendet LCSW (Lie #045031)
Individually and as Court Appointed Therapist

Defendants.

---

## REPLY MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS

---

Rabbi Azriel Katz

407 Marcy Avenue, Unit 4A
Brooklyn, New York 11206

T: (347) 392 7965

F: (718) 640 1507

DATE OF SERVICE:  September 9, 2019

## TABLE OF CONTENTS

ARGUMENT.................................................................................................................... 1

    *A.*    Additional Argument Upon Review of Plaintiffs Memorandum of Law in Support of Plaintiffs' Response to Defendants' Motion to Dismiss and the Affidavit of Miriam Schvimmer ............................................... 1

    *B.*    Leave to Amend Should be Denied Because Any Proposed Amendment would be Futile and Issue of Law is Dispositive .................................... 2

CONCLUSION ........................................................................................................... ....5

## TABLE OF AUTHORITIES

### CASES

Bank of New York Mellon Trust Co. vs. Morgan Stanely Mort. Capital Inc 08-cv-1106 (NGG), 2009 U.S. Dist. LEXIS 31332 *4 (E.D.N.Y. June 18, 2009).....................................1

Cortec Ind us b·ies  Inc. V. Sum Hold in  L  P. 949  F.2d 942, 947-948............................5

Jones v.  Wet Sea Ret a il  Inc. 519 F.Supp.2d 1164 (2007) ..............................................2

Storck v. Suffolk Cou Degt. of Social Services. 62 F.Supp.2d 927, 942 (E.D.N.Y. 1999) .............................................................................................................................3

Zanani  . Schvimmer  117 A.D.3d 941  (2014) ...............................................................4

### FEDERAL STATUTES

Fed. R. Civ. Proc. Rule 12(b)(1) .................................................................................1, 3, 5

Fed. R. Civ. Proc. Rule 12(b)(6) ............................................................................1, 2, 3, 5

<u>Additional Argument Upon Review of Plaintiff's Memorandum of Law in Support of
Plaintiff's Response to Defendant's Motion to Dismiss and the Affidavit of Miram
Schvimmer</u>

This is offered to supplement previous arguments of Defendant, Azriel Katz that

the Plaintiff's complaint should be dismissed in their entirety against him pursuant to

Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

A.    <u>. Standard of Review on Motion to Dismiss Pursuant Federal Rule  of Civil
Procedure Rule 12 b 6.</u>

It is clear that a Plaintiff must provide grounds upon which his claims rest through

factual allegations  sufficient "to raise a right to relief  above the speculative  level." <u>See,
Bradley v. City of New York, 08-cv-1106 (NGG), 2009.</u>

Plaintiff's have not articulated in either their Amended Complaint nor their

Memorandum of Law in Support of Plaintiffs' Response to Defendants' Motion to

Dismiss and attached Affidavit of Miriam Schvimmer dated the 31st day of July, 2019

any factual allegation(s,) which give rise to a cause of action against Defendant, Azriel

Katz.

In the Affidavit of Miriam Schvimmer, she fails to articulate how Defendant,

Azriel Katz may have taken any actions which would rise to supporting her case against

him.  In fact, Ms. Schvimmer does not even mention Rabbi Katz in her affidavit at all.

Their whole argument is speculative and their request to keep the case alive and try to

discover wrongdoing through discovery is the equivalent of a fishing expedition.

*Page 1*

B.     <u>Leave to Amend Should be Denied Because Any Proposed Amendment Would be Futile and Issue of Law is Dispositive.</u>

Plaintiffs should be denied leave to amend. "Leave to amend should be denied only when the court finds undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. A court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or if it fails to state a claim upon which relief may be granted. In order to determine whether a proposed amendment is futile, the court must analyze the proposed amendment as if it were before the court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The court will dismiss for failure to state a claim only when it appears beyond a doubt that the [party] can prove no set of facts in support of his claims which would entitle him to relief, or when an issue of law is dispositive." <u>See, Jones v. Wet Seal Retail, Inc.</u> 519 F.Supp.2d 1164 (2007)

Here, any amendment would be futile because Plaintiffs' by their own admission have no concrete facts and could not articulate a single specific and non-conclusory fact alleging any wrongdoing and it is dispositive that Defendant.

Further, Plaintiffs have failed to articulate a single specific and non-conclusory fact that would support their argument that Defendant, Rabbi Azriel Katz was acting under color of law or conspired with other state actor(s) to deprive them of their constitutional rights. Any amendments would be futile because this fact cannot be changed.

*Page 2*

## CONCLUSION

For all the foregoing reasons, it is respectfully submitted that the Plaintiffs complaints should be dismissed in its entirety pursuant to Fed. R. Civ. Proc.  Rule 12(b)(l) and (6).

Dated: Brooklyn, New York
       September 9, 2019

                             Respectfully submitted,

               Rabbi Azriel Katz

               407 Marcy Avenue, Unit 4A
               Brooklyn, New York 11206

               T: (347) 392 7965

               F: (718) 640 1507