1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X
                              :
I. (ANONYMOUS) et al.,        : 18-CV-07419 (WFK)
                              :
          Plaintiffs,         :
                              :
                              : United States Courthouse
     -against-                : Brooklyn, New York
                              :
                              :
                              : Wednesday, March 27, 2019
THE OFFICE OF COURT           : 12:00 p.m.
ADMINISTRATION, et al.,       :
                              :
          Defendants.         :
                              :

- - - - - - - - - - - - - - - X


TRANSCRIPT OF CIVIL CAUSE FOR PRE-MOTION CONFERENCE
BEFORE THE HONORABLE WILLIAM FRANCIS KUNTZ, II
UNITED STATES DISTRICT JUDGE


A P P E A R A N C E S :


For the Plaintiffs:    LAW OFFICES OF DAVID E. OLES
                            5755 Northpoint Parkway
                            Suite 25
                            Alpharetta, Georgia 30022
                       BY:DAVID E. OLES, SR., ESQ.


For the Defendants:    PEDRO ANGEL MORALES, JR., ESQ.
                            OFFICE OF COURT ADMINISTRATION
                            25 Beaver Street
                            New York, New York 10004


SAM        OCR        RMR        CRR        RPR

2

A P P E A R A N C E S:   (Continued)


For the           NEW YORK CITY LAW DEPARTMENT
Defendants:          GENERAL LITIGATION DIVISION
                   100 Church Street
                   New York, New York 10007
                 BY:RACHEL K. MARCOCCIA, ESQ.


                 NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL
                     28 Liberty Street
                   New York, New York 10005
                 BY:SAMANTHA LEIGH BUCHALTER, ESQ.


                 WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
                     1133 Westchester Avenue
                   White Plains, New York 10604
                 BY:GLEN FEINBERG, ESQ.


                 LAW OFFICE OF HARVEY S. JACOBS
                     26 Court Street
                     Suite 700
                     Brooklyn, New York  11242
                 BY:HARVEY S. JACOBS, ESQ.


                 RUTHERFORD & CHRISTIE, LLP
                     800 Third Avenue
                     9th Floor
                     New York, New York 10022
                 BY:SAMANTHA VELEZ, ESQ.


                 SALLY SIMONE MARKOWITZ, PRO SE
                     26 Court Street
                     Suite 901
                     Brooklyn, New York 11201


SAM      OCR      RMR      CRR      RPR

3

A P P E A R A N C E S:    (Continued)


For the              RABBI AZRIEL JUDA KATZ, PRO SE
Defendants:              407 Marcy Avenue
                         Apartment 4-A
                         Brooklyn, New York 11206




Court Reporter:  Stacy A. Mace, CRR
                 Official Court Reporter
                 E-mail:  SMaceRPR@gmail.com
Proceedings recorded by computerized stenography.  Transcript
produced by Computer-aided Transcription.




                            ooo0ooo








              SAM        OCR        RMR        CRR        RPR

Proceedings                                        4

(In open court.)

THE COURTROOM DEPUTY:  All rise.

(The Hon. William F. Kuntz, II presiding.)

THE COURTROOM DEPUTY:  The Honorable William F. Kuntz, II now presiding.

Civil cause for pre-motion conference, docket number 18 civil 7419, Schvimmer, et al various Office of Court Administration et al.

Counsel, may you please state your appearances for the record.  Spell your first and your last names for the court reporter beginning with plaintiffs' counsel.

MR. OLES:  My name is David Oles, O-L-E-S.  I am here representing Miriam and Israel Schvimmer, the plaintiffs in the case.

THE COURT:  Good morning, counsel.  You may be seated and your clients may be seated as well.

Good morning, nice to see you.

The other people at the table, can they also introduce themselves by name and spell their name.

DR. WEINBERG:  I'm Dr. Monty Weinstein.  I'm a consultant to the Schvimmers, and I also am president of the National Parents Rights Association, and we are going to be asking permission to enter this.

THE COURT:  Again, would you spell your name for the court reporter, sir?

SAM      OCR      RMR      CRR      RPR

Proceedings                                      5

DR. WEINBERG:  Yes, thank you.  W-E-I-N-S-T-E-I-N.  And that's Dr. Monty.

THE COURT:  Welcome, Doctor.

DR. WEINBERG:  Thank you.

MR. SOUTHERLAND:  Good morning, Your Honor.

Sonny B. Southerland, Sr., S-O-U-T-H-E-R-L-A-N-D, also advisors for the Schvimmers.  I am the CEO of the People's Advocacy Group, a human rights and civil rights organization.

THE COURT:  Welcome, please be seated.

MR. SOUTHERLAND:  Thank you.

MS. BUCHALTER:  Good afternoon, Your Honor.

Samantha Buchalter, that's B, as in boy, U-C-H-A-L-T-E-R.  I represent the New York State Office of Children and Family Services.

THE COURT:  Good afternoon, counsel.  Please be seated.

MS. BUCHALTER:  Thank you.

MR. MORALES:  Good afternoon, Your Honor.

Pedro Morales, that's M-O-R-A-L-E-S.  I'm from the New York State Unified Court System and we represent the defendant Office of Court Administration.

THE COURT:  Good afternoon.  Please be seated.

MS. MARCOCCIA:  Good afternoon, Your Honor.

Rachel Marcoccia, that's R-A-C-H-E-L

Proceedings                                    6

M-A-R-C-O-C-C-I-A.  I'm with the New York City Law Department and I am here on behalf of the municipal defendants.

THE COURT:  Good afternoon, counsel.  Please be seated.

MR. FEINBERG:  Glen Feinberg, F, as in Frank, E-I-N-B-E-R-G from Wilson Elser, for defendants Nicholas Smith and Peter Hill.

And if I may interject one comment, Your Honor.

THE COURT:  You mostly may.

MR. FEINBERG:  I have a pretty severe hearing loss and I neglected to bring the equipment that I need for realtime feed.  It would help me when addressing me if Your Honor would speak a little slower than you usually do.

THE COURT:  I will promise that the force will proceed with undue slowness.

MR. FEINBERG:  Thank you, Your Honor.

THE COURT:  You're welcome, counsel.

Yes.

MS. MARKOWITZ:  Good afternoon Your Honor.

Sally Simone Markowitz; S-A-L-L-Y, S-I-M-O-N-E, Markowitz, M-A-R-K-O-W-I-T-Z.  I represent myself.

THE COURT:  Good afternoon.

MS. MARKOWITZ:  Good afternoon.

MR. JACOBS:  Harvey S. Jacobs, J-A-C-O-B-S.  I am an attorney and I represent myself as well.  Nice to meet you,

SAM        OCR        RMR        CRR        RPR

Proceedings                                    7

Judge.

THE COURT:  Good afternoon, counsel.  Have you filed a notice of appearance in this case?

MR. JACOBS:  Not as yet.  I discussed that with your clerk.  I will attend to that in a day or so; yes.

THE COURT:  We will be honored to have you appear; welcome.

MR. JACOBS:  Thank you.

THE COURT:  You may be seated.

MS. VELEZ:  Good afternoon Your Honor.

Samantha Velez of Rutherford & Christie.  I represent Billa Bendet.  My name last name is V, as in Victor, E-L-E-Z.

THE COURT:  Good afternoon.  Please be seated.

RABBI KATZ:  Azriel Katz, A-Z-R-I-E-L, K-A-T-Z, representing myself.

THE COURT:  Good afternoon.  *Gut yontif* as we say in the hood.  Have a seat.  Thank you.

Now, welcome one and all.

As you know, in order to proceed, I am going to make a preliminary statement as to what I understand the case is to be about.  And after I give you my preliminary understanding of what the case is about, I will ask each side, first the plaintiffs, through their counsel, and then the defendants, to state their response with respect to my characterization of

SAM      OCR      RMR      CRR      RPR

Proceedings                                          8

the case.  This is designed to be neutral setting forth of what the Court understands the issues to be.

If when I complete my statement you are convinced that it is absolutely 100 percent fair, impartial and complete, you ought to thank my distinguished law clerks and courtroom deputy.  If you find that it is an absurd perversion of what the case is really about, you are to blame me, but that's okay because I have been appointed for good behavior, a term of good behavior.  And if you have seen what has gone on in Washington, D.C. over the last several decades, I assure you, I have a lack of energy and strength to behave badly by the current standards.

So with that said up front, please listen to my description and at the end of this description I will ask the plaintiffs to comment, and then I will ask the defendants to comment with respect to the overall description, and then we will get into the weeds.

As you speak, after I have given you this overall report, I am going to ask you to again state your name so that the court reporter will know who is speaking because this is our first time together.

Okay, so those are the ground rules.

By the way, as I said, I am appointed for good behavior, there is no clock.  There is no time keeper.  It is like baseball.  We go on and on until the game is over.  You

SAM     OCR     RMR     CRR     RPR

Proceedings                                              9

don't have to worry about time limits.  Okay?

So, everybody relax.  Take a deep breath and here we go.

We are here in this action on a pre-motion conference.  The case is 18-CV-7419.

On December 27th of 2018, the plaintiffs in this action filed a complaint on a pro se basis.  On January 4th of 2019, the plaintiffs filed an amended complaint, again, on a pro se basis, against 30 defendants, collectively referred to as "the defendants."  These defendants include individuals and governmental entities.  The plaintiffs allege claims under the following legal authorities:

The first, the fourth, the fifth, the ninth, and the Fourteenth Amendments of the United States Constitution.

Civil statutes, Title 42 of the United States Code, Sections 1983, 1985, 1986, 1988 and the Civil Racketeer Influence and Corrupt Organizations Act, affectionately known as RICO, 18 U.S.C. Sections 1961, 1962, 1964 and criminal statutes set forth in Title 18 of the United States Code Sections 241, 242 and 245.

The amended complaint also asserts pendent jurisdiction over state law claims of intentional and/or negligent infliction of emotional distress.

In sum and substance, the plaintiffs allege the defendants illegally removed their minor children from their

SAM        OCR        RMR        CRR        RPR

home.   The plaintiffs allege the defendants interfered with their parent/child relationship in court proceedings resulting in their loss of custody and denial of supervised visits with their child.   The plaintiffs further allege the removal proceedings were tainted by "fabricated evidence and judicial deception."

The plaintiffs seek monetary relief in the form of compensatory damages, punitive damages, treble damages, reasonable attorneys' fees, costs and interest.   Plaintiffs seek this relief on theories of:  1, negligent hiring; 2, negligent training and supervision; 3, negligent performance of duties; 4, malicious prosecution; 5, conspiracy; 6, violations of the civil rights laws of the United States of America and the State of New York; 7, enterprise corruption; and 8, the intentional or negligent infliction of emotional distress.   Plaintiffs also seek declaratory and injunctive relief.

On March 25th of 2019, plaintiffs retained counsel who filed a motion to appear pro hac vice, which the Honorable Magistrate Judge Gold granted the following day.

Numerous defendants have appeared in this action and have requested this pre-motion conference seeking permission to file motions to dismiss.

The Court granted the request for pre-motion conference and set the pre-motion conference for today,

SAM       OCR       RMR       CRR       RPR

Proceedings                                                    11

March 27th, 2019 at 12 noon.

Plaintiffs, is that a fair and accurate summary of where we are in the case today?

MR. OLES:  Judge, I believe that fairly and accurately represents the complaint and the allegations by the plaintiffs as I understand them at this time.

THE COURT:  Thank you.

Is that also the feeling of the others at the table?

MRS. SCHVIMMER:  Yes, Your Honor.

THE COURT:  Thank you, ma'am.

MR. SCHVIMMER:  Yes, Your Honor.

THE COURT:  Thank you, sir.

DR. WEINBERG:  Yes, as a consultant.

THE COURT:  Thank you, Doctor.

MR. SOUTHERLAND:  Yes, Your Honor.

THE COURT:  Thank you.

And with respect to the defendants, is that a fair and accurate summary of the case as you understand it today?

And we will ask counsel to identify themselves for the record as they respond.

MS. BUCHALTER:  Samantha Buchalter, yes.

MR. MORALES:  Pedro Morales; yes, Your Honor.

MS. MARCOCCIA:  Rachel Marcoccia; yes, Your Honor.

MR. FEINBERG:  Glen Feinberg; yes, Your Honor.

MS. MARKOWITZ:  Sally Simone Markowitz; yes, Your

Proceedings                                          12

Honor.

MR. JACOBS:  Harvey Jacobs; yes, Your Honor.

MS. Velez:  Samantha Velez; yes, Your Honor.

RABBI KATZ:  Azriel Katz; yes, Your Honor.

THE COURT:  Thank you.

Well, as I said before, all glory and honor goes to my law clerks because they did the heavy lifting.

Now, when we have a case like this with important complex issues, I think it is important to inform the parties as to how this court proceeds.

I will allow a motion to dismiss to proceed, but I want to make it very clear that everyone that makes a motion and everyone who responds to the motion will have ample opportunity to submit their pleadings.  And so I do not, to use the college phrase, I don't short-sheet the lawyers and the parties with respect to time.  These are important issues. It is a complicated case.  A lot of moving parts.  So I am going to tell you something that those of you who are experienced federal court practitioners almost never here, that is I will give you as much time as you request to make the motion and as much time as you request to respond to the motion.

When I was in private practice, which I did for 33 years, in great obscurity, which is why none of you has ever heard of me before coming on the bench, I could never

SAM       OCR       RMR       CRR       RPR

Proceedings                                    13

understand why federal judges would say how much time do you want?  And I would say:  Your Honor, respectfully, four weeks. And they would say:  You're a moron, I'll give you two weeks. And then I would say:  Please, Judge, can I have a three weeks?  I have a wife.  I have kids.  I have other cases.  I have a dog and a cat.  And they would say:  Okay, we'll give you three weeks.  And, of course, I always wanted three weeks, but I knew if I asked for three weeks he would call me a moron and give me one week.

So you don't have to do that here.  I learned from my courtroom deputy the reason judges did that is there is something called the six-month list, and that if when you make the motion it is filed initially with the Court, there is someone in Washington, D.C. who never sees real people trying real cases who says:  You took too long to decide the motion because they start the clock running when the motion is "made."  I let lawyers and parties have as much time as they want.  I simply request, because I can no longer demand it, I request that you wait until the motion is fully briefed to file it with the Court, and that starts the so-called six-month clock which some bureaucrat somewhere seems to think is important.  I think what's important is getting it right, looking at your complaint, looking at the response, and writing the right opinion.

So for that reason I am going to say to the

SAM      OCR      RMR      CRR      RPR

Proceedings                                                    14

defendants, I will give you as much time as you want to respond to the complaint here.  And then I am going to say to the plaintiffs, I will give you as much time as you require to respond to their pleadings.  And then I will say to the defendants, I will give you as much time as you want to reply.

That is called the grownup world because, spoiler alert, I want to get this right.  These are important issues. You are very serious people, and I do not want to get into any back-and-forth foolishness over scheduling when you all know that this is important.  And when the motion comes in after it is fully briefed, I will read it, my law clerks will read it, we will render a decision.  But I want you to be comfortable in knowing that we take this very seriously.

One other thing I will say, then we will get to the scheduling points in detail.  I always say this at the beginning of every civil case.  At the end of the day, the charges and the answers to the charges that are played out in this courtroom inevitably involve hurtful things being said from one side to the other.  That is just the nature of litigation.  Things in the pleadings already are hurtful.  I get that.  That's fine, but here is the point:  Very often at the end of the day clients said to me in my 33 years in practice:  You know, if I had known it was going to be this painful, I would have settled the case somewhere along the way because terrible things have been said about me or my

Proceedings                                    15

organization and I have had to say terrible things about the other side, particularly in domestic cases, in employment cases, but even in business cases where people want to have ongoing relationships.  And they often said to me at the end of the process -- by the way, I made a lot of money as a practicing lawyer, lots of money on Wall Street.  I'm very successful.  I won a lot of cases.  I lost some, but I won a lot of cases.  My clients would say:  We wish you had told us it was going to be this painful for us, not just financially, but personally.

So I say to you without any prejudging of the merits, as you go through this process of briefing and responding, be mindful of the fact that everybody in this room is a human being, is a citizen, and you are going to have to say some awful things about one another in front of strangers, including this Court, as you go through this process.

If it comes to pass that you wise counselors and you parties decide that it would be better to resolve this consensually, you can talk with each other through counsel, you can talk with the Magistrate Judges here.  We have a rule: Don't ask, don't tell.  If you talk with them about settlement, I won't ask them what you talked about; they won't tell me if I do.  It stays with them.  I am your trial judge. I will be trying the case.  So I will not know what positions have been exchanged.  You can be candid with your Magistrate

SAM     OCR     RMR     CRR     RPR

Proceedings                                              16

Judge who is assigned to this case, if you elect to proceed on that basis.

The one thing I will tell you is this:  I love my job.  I always leave this courtroom happy.  Very often one side or the other side leaves unhappy.  And, spoiler alert, in civil cases very often both sides leave unhappy.  The "winner" leaves unhappy and the "loser" leaves unhappy because of the process that I have just said.  That is all I will say about settlement, that is all I will ever say about settlement.  If you want to talk about settlement, you will do that directly with each other, you will do that directly with the Magistrate Judge, but I am your trial judge.

That being said, I now turn to the defendants and I will ask you:  How many weeks from this Friday, mindful of the fact that we have Passover, Good Friday, Easter, a whole raft of holidays coming up over the next four, five, six, seven weeks, how many weeks from this Friday do you require to put in your first set of papers to the other side?  I will give you as many weeks as you want.  I want everybody, though, to have the same date by which you will serve papers on the other side.

Then the other side, I know you have got multiple people here, you will pick a date to serve papers in response.

And then the defendants will have one date by which you will serve your papers on the other side, and on that

SAM      OCR      RMR      CRR      RPR

Proceedings                                        17

final date, that is the date that the moving party will have to file the papers with the Court electronically and that is when that six-month clock that I averted to earlier will start to run.

So that being said, how many weeks from this Friday? And, again, you have my word, whatever you tell me I will say "fine."

So, put your heads together and come up with a number.

MS. MARCOCCIA:  Thank you.

THE COURT:  One, two, three, four, five, six, ten, whatever it is that number, and then the same thing, I will ask the plaintiffs to come up with a unitary number.

(Pause.)

MS. MARCOCCIA:  Your Honor, we've conferred and we would request until May 31st.

THE COURT:  Okay, is that a Friday?

MS. BUCHALTER:  Yes.

MS. MARCOCCIA:  Yes.

THE COURT:  All right, Friday, May 31st.  The motion papers will be served on your adversary on Friday, May 31st.

Now, the bid is back to the plaintiffs' side.  How many weeks from May 31st?  I know you have not seen their papers yet, I get that.  I will give you as many weeks as you want to respond.  And just pick a number, talk among

Proceedings                                              18

yourselves and tell me how many weeks you require and I will grant you that application.

MR. OLES:  Judge, just a question --

THE COURT:  Of court.

MR. OLES:  -- before I address that number?

Since there are so many defendants and there is going to be a multiplicity --

THE COURT:  I am going to ask you to sit down and use the microphone.  You have already assuaged my enormous Article III ego enough by standing when I came in.

Go ahead.

MR. OLES:  Since there will be a multiplicity of motions coming in at one time that I am going to be handling --

THE COURT:  Yes.

MR. OLES:  -- you are asking me to pick a particular date for all of them to be done?

THE COURT:  Yes.  Think of it as, to use a '60s phrase, the far out date, the date by which you have to respond.  You can, obviously, put in papers earlier on a rolling basis if for whatever reason you think that is appropriate, but you are now going to pick the date that works for you.

And remember, you are just submitting papers to them, you are not filing them with the Court until that final

SAM      OCR      RMR      CRR      RPR

Proceedings                                               19

date when the motion is fully briefed.  This is just a date by which you and your side will have all of your papers ready to serve them.  You are going to get their papers on or about May 31st, and you are going to pick a date that works for you to put in your response to all of their papers, whatever date works for you.  It can be before or after Memorial Day, before or after Labor Day, before or after Tisha B'av.

I mean I am really very, very flexible.  Okay, you pick the date that works.  So you tell me.

MR. OLES:  One other question.

THE COURT:  Yes, sir.

MR. OLES:  With respect to their reply date, is that going to be --

THE COURT:  As flexible?

MR. OLES:  Is it going to start with the date that we file our response or will it be a fixed date?

THE COURT:  It will be a fixed date.  You are going to give me a fixed date.

They just gave me a fixed date that they are going to serve you, that's May 31st.  You are going to give me a fixed date you are going to respond to them, whatever date that is.

Then they are going to give me a fixed date by which they are going to reply to your response.

MR. OLES:  That being the case, Judge, I am going to

SAM      OCR      RMR      CRR      RPR

Proceedings                                      20

ask for July 31st.

THE COURT:  July 31st, you have it.  Is that a Friday, Mr. Jackson?

THE COURTROOM DEPUTY:  No, Judge, that's a Wednesday.

THE COURT:  How about the Friday?  Would you like two more days, sir?

MR. OLES:  That would be fine, Judge.

THE COURT:  Okay.  What does that take us to?

THE COURTROOM DEPUTY:  August 2nd, Judge.

THE COURT:  August 2nd, okay.

Now the bid is back to the defense side.  How many weeks from August 2nd?  And I will give you as many weeks as you want.  Mindful of the fact that something called Labor Day usually occurs, then we have the holidays, Jewish holidays in September.  So whatever date you want, you have.

MS. MARCOCCIA:  Your Honor, defendants request until September 13th for the reply.

THE COURT:  You have that, September 13th.  Is that a Friday?

THE COURTROOM DEPUTY:  Yes, Judge.

THE COURT:  Well, I am not scared of Friday, the 13th.  And I know in some cultures 13 is a lucky number, but do you really want to have Friday, the 13th?

How does that fall with respect to the Jewish

SAM      OCR      RMR      CRR      RPR

Proceedings                                           21

holidays?  Is that a problem?

RABBI KATZ:  It's okay.

THE COURT:  September 13th works?  Yes?

RABBI KATZ:  Yes.

THE COURT:  Okay, that's fine.  September 13th, that is the day that you will serve your response to the plaintiffs' side.

Now, on Friday, September 13th, the moving party, and we are going to pick one person, and it is going to be you from Corp. counsel, say hi to my friend Zach Carter.  You are going to submit on ECF all of the papers, the papers from the plaintiff, the papers from all of the defendants electronically.  You will file them by 5:00 p.m. on Friday, because remember you will have gotten their papers on August, what did we say August 2nd, is that the date?

MR. OLES:  Yes.

MS. MARCOCCIA:  Yes.

THE COURT:  August 2nd.  So you will have all their papers electronically, although we won't have seen them, the Court will not have seen them, you are going to file all of their papers, along with all of your papers, the initial set of papers, their papers and your reply by 5:00 p.m. on Friday, August 13th electronically, okay, on ECF.

MS. MARCOCCIA:  Yes, Your Honor.

THE COURT:  Okay.  Mr. Jackson, please call out the

Proceedings                                    22

dates.  Explain the non-bundling, bundling rule and the courtesy copy rule.  And all of the burdens with respect to the filing have been placed on Corp. counsel with the thanks of the Court.

THE COURTROOM DEPUTY:  Okay, as a courtesy to the Court, the Court requests that the parties refrain from filing motion papers until the motion has been fully briefed.  If the parties elect to file their motion only once it is fully briefed, the notice of motion and all supporting papers are to be served on the other parties along, with a cover letter setting forth whom the movant represents and the papers being served.  Only a copy of the cover letter shall be electronically filed in advance of the fully briefed motion and it must be filed as a letter, not as a motion.

Defense counsel, you shall serve your motion to dismiss on or before May 31st.

Plaintiffs' counsel shall serve the response papers on or before August 2nd.

Defense counsel shall serve the reply papers on or before September 13th.

On the day the motion is fully briefed, Corporation counsel, you have the responsibility of e-filing all of the motion papers, the responses and replies, by 5 o'clock p.m. on September 13th of 2019.

In addition, Corporation counsel, you have the

SAM      OCR      RMR      CRR      RPR

Proceedings                                      23

responsibility of mailing a complete courtesy copy set of all the papers via overnight mail to the United States District Courthouse to the attention of Mr. Andrew Jackson.

THE COURT:  And the overnight mail filing is hard copy, attention to Mr. Andrew Jackson.  This gentleman before you is the real Mr. Andrew Jackson, not the murderous former president on your twenty-dollar bill.  Okay?

Now, is there anything else I can help counsel with today on either side?

Please, sir.

DR. WEINBERG:  I'm sorry.

THE COURT:  My ego is already out of control my wife says, so just remain seated and go ahead.

DR. WEINBERG:  Your Honor, are you referring to me?

THE COURT:  No, no, I thought counsel was standing and was going to make a statement.

MR. OLES:  Yes, with respect to the motions, Judge, no, I think that's adequate.

Okay, anything else on the motions from the other side?

MS. MARCOCCIA:  Your Honor, I would just like to clarify one point, if I may.

THE COURT:  You may.

MS. MARCOCCIA:  And that was with respect to, you know, defendants understand that on Friday, May 31st, that we

SAM     OCR     RMR     CRR     RPR

Proceedings                                                24

are only to file the cover letter filed as a letter and not as a motion; and obviously, we will serve our papers, but is each defendant to file their own cover letter or is to Corporation counsel to undertake that on behalf of all the defendants as well?

THE COURT: Corporation counsel, I think, should do that on behalf of all of the defendants.

MS. MARCOCCIA: Okay.

THE COURT: Right, Mr. Jackson?

THE COURTROOM DEPUTY: Correct, Judge.

THE COURT: Good. I never get cross with Mr. Jackson, or else I can wind up dead in a duel.

All right, what else do we have from plaintiffs' side?

You can speak through your counsel. I am afraid you have to speak through your counsel, but that is okay, he is doing a great job.

So go ahead, counsel.

MR. OLES: No, on this point that's all we have at this time, Your Honor.

THE COURT: Okay. On any other points while we are here today?

MS. SCHVIMMER: I would love to ask you something, you know.

THE COURT: But you have such a distinguished

SAM        OCR        RMR        CRR        RPR

counsel there, I am sure he will advise you well.

MR. OLES:  Judge, just I guess I will point out a question in procedure.  The filing of the motions to dismiss that have been -- that are anticipated --

THE COURT:  Yes, sir.  Would you pull the microphone a little closer and speak a little slower in the interest of Lord Vader-dom.

Go ahead.

MR. OLES:  I just want to be sure that should my client try to seek interim relief from the Court on one or more points, that will be not somehow prejudiced by what the Court has just outlined with respect to the motions to dismiss?

THE COURT:  I don't see it as a problem.  I don't know what you are anticipating, but obviously if you wish to file something while the motion to dismiss is pending, you will file it on notice to the other side and they will respond to that other motion, and I will probably have another status conference.

My rules are that if there are dispositive motions, you have to contact chambers and seek a pre-motion conference, as we have done today.  So, for example, if you have issues that come up that relate to discovery, those are issues that you would take pursuant to my rules and the rules of the Eastern District Court, both to the Magistrate Judge, the

Proceedings                                                          26

Honorable Steven Gold, in the first instance if you wanted to schedule depositions or something else, and you would deal with the Magistrate Judge on those issues.

So those issues would go before Magistrate Gold, who is the assigned magistrate in this case. If there was some other motion that was dispositive in nature that you wish to make, you would have to seek permission to have a pre-motion conference. That would be on notice to the other side. Under my rules, they have I believe it's five days to respond, and then we would be back here to determine whether or not whatever other motion you sought, what other relief you sought could be made.

So that is how we would proceed.

MR. OLES: Thank you, Judge. Coming up from Georgia, I do appreciate your courtesy in helping me make sure I'm on the right track.

THE COURT: That is why I am here, sir. I see a hand raised by the gentleman to the right.

Doctor, are you representing yourself in this case?

DR. WEINBERG: No, I represent the National Parents Rights Association.

THE COURT: All right. Are you a member of the Bar?

DR. WEINBERG: No, I am not.

THE COURT: Then you cannot speak on behalf of another entity. If you were a party personally, you could

Proceedings                                          27

speak on behalf of yourself, but if you are not a lawyer and you are speaking for someone else in federal court, unfortunately, there is a Supreme Court decision that goes back about 150 years that says you cannot appear on behalf of another entity unless you are a member of the Bar.

So I am going to ask you very politely, but I can also become Lord Vader, to sit down now and not say anything because you are not allowed to speak in federal court unless you, yourself, are the party or you are a lawyer representing another entity.

So I am sorry about that, but please sit down and be quiet now.

Okay, anything else while we are sitting here?

MR. OLES:  No, Judge.

THE COURT:  Anything else from the defense side?

MS. MARCOCCIA:  No, Your Honor.

THE COURT:  Thank you, we are adjourned.  And I thank you for your patience and your attention.

MS. MARCOCCIA:  Thank you, Your Honor.

MS. BUCHALTER:  Thank you.

THE COURT:  Thank you.

(Matter adjourned.)

SAM     OCR     RMR     CRR     RPR

I certify the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.
/s/  Stacy A. Mace     March 27, 2019